# Wickes Brothers *v.* Island Park Association, Appellant.

*Sale—Conditional sale—Machinery—Corporation—Fixtures.*

1. Where machinery is sold to a corporation under an agreement that title shall not pass until all the purchase money is paid, a purchaser at a receiver's sale of the corporate property with notice of the conditional sale of the machinery, or a holder of bonds secured by a mortgage given before the machinery was sold, has no higher right to the machinery than the corporation itself; if it appears that the machinery was held in place by bolts and could be easily removed without injury to the building, and that in correspondence between the seller and the purchaser it was referred to as the property of the seller, an intention not to convert the machinery into realty is clearly established.

2. Mere physical attachment is not the test of annexation. The legal criterion is the intention to annex.

Argued Oct. 5, 1910. Appeal, No. 93, Oct. T., 1910, by defendants, from judgment of C. P. Somerset Co., Sept. T., 1906, No. 225, on verdict for plaintiffs in case of Wickes Brothers v. Island Park Association and Joseph K. Love, intervening defendant. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Replevin for machinery. Before KOOSER, P. J.

The opinion of the Supreme Court states the case.

The court gave binding instructions for plaintiffs.

Verdict and judgment for plaintiffs for $3,720. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiffs.

*W. H. Ruppel,* with him *C. F. Uhl, Jr.,* for appellants.

*A. Leo Weil,* with him *Charles M. Thorp* and *E. E. Kiernan,* for appellee.

PER CURIAM, January 3, 1911:

The plaintiff sold to the Island Park Association engines and fixtures for the purpose of generating electric light and power. The contract between the parties provided for payments to be made from time to time and that the title to the machinery should remain in the plaintiff until the final payment was made. The machinery was removed from premises in Baltimore, Md., where it had been in use, and shipped to the Island Park Association at Johnstown, Pa., and by it was installed on its property by bolting it to a cement platform. It could have been removed at any time by unscrewing the nuts on the bolts by which it was held in place without injury to the platform or the building which covered it. At the time the machinery was installed the real estate of the association was subject to a mortgage, given to secure an issue of bonds and which covered after acquired property.

On August 6, 1906, the association was in default in its payments and the plaintiff issued a writ of replevin. The association filed a counter bond and retained possession of the machinery, and continued to use it. On October 30, 1906, on petition of creditors of the association a receiver was appointed who sold its real estate to Joseph K. Love, who purchased for himself and other bondholders, but with notice of the plaintiff's claim and of the proceedings in replevin, and who was afterwards allowed to intervene as a party defendant. At the trial the facts were all agreed upon and the plaintiff abandoned any right it would have to a writ of retorno habendo in the

event of a verdict in its favor and elected to recover its loss by an action on the counter.bond. Its contention was that as between it and the association it was entitled to retake possession of the machinery upon the admitted default in payment of the contract price and that the association having retained possession by filing a counter bond, a subsequent purchaser at the receiver's sale or a bondholder, had no standing except upon the ground that the machinery was a part of the real estate. A verdict was directed for the plaintiff.

The sale was a conditional one and the title did not pass until all the purchase money was paid: Hineman v. Matthews, 138 Pa. 204. A purchaser at the receiver's sale, with notice, or a holder of bonds secured by a mortgage given before the machinery was sold had no higher right than the association. Whether as between it and the plaintiff, the machinery had become a part of the realty by reason of its attachment thereto, was therefore the only question to be decided at the trial. Mere physical attachment is not the test of annexation. The legal criterion is the intention to annex: Vail v. Weaver, 132 Pa. 363. No such intention could be inferred from the state of facts agreed upon. The title was to remain in the vender until the machinery was paid for; the machinery was held in place by bolts and could be easily removed without the slightest injury to the building and it had been removed from the place where it was originally installed, to the property of the association; in the subsequent correspondence between the parties in relation to the machinery, it was referred to and evidently regarded by both as the property of the vendor. The intention not to convert the machinery into realty clearly appeared from all the acts and declarations of the parties in relation thereto.

The judgment is affirmed.