EMPIRE FIRE AND MARINE INSURANCE COMPANY, a
CORPORATION, PLAINTIFF AND APPELLANT, *v.* WALTER
GOODMAN, AS GUARDIAN AD LITEM OF LOREN DAVID GOOD-
MAN, A MINOR, DEFENDANT AND RESPONDENT.

No. 11040.

Submitted March 7, 1966. Decided April 1, 1966.

412 P.2d 569.

Keller, Magnuson, Reynolds & Drake, Paul Reynolds (argued), Helena, for appellant.

Maffei & Harrington, Maurice A. Maffei (argued), Butte, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the plaintiff in a declaratory judgment proceeding in which the district court of Deer Lodge County granted the defendant's motion to dismiss on the ground the complaint failed to state a claim upon which relief could be granted.

It appears that on November 3, 1962, the plaintiff-appellant insurance company issued an automobile liability policy to the defendant-respondent Goodman effective through the ensuing year. During the life of the policy, on September 10, 1963, the defendant was involved in an automobile accident in which one person was killed and another injured. The policy expired November 3, 1963. The plaintiff, through its counsel, informed the defendant by letter dated November 27, 1963, that the policy in question "has been from the issuance thereof,

void, because of material misrepresentations" made by the defendant in his application for the policy.

The plaintiff then filed this action asking that the court determine the validity of the policy contract and the plaintiff's liability to pay any judgment rendered in any cause arising out of the September accident.

While plaintiff argues that the sole and exclusive ground for defendant's motion to dismiss was the contention that because of the provisions of section 53-438, subd. (f), R.C.M.1947, any misrepresentations made by the defendant in his application for the insurance policy are of no avail to the plaintiff, the court in its order of August 18, 1965, being the basis for entry of the judgment, did not even mention this ground. The court in its order quoted authority to the effect that cancellation of an insurance policy did not affect rights which have already accrued under the policy in favor of the insured or of a third person, and expressed itself to the effect that "* * * it is difficult for the court to conceive of any possibility wherein the defendant could have his policy terminated by plaintiff 24 days after the termination date of said policy, and effect a cancellation of said policy during its term of existence, that would be effective as against either the insured or a third party claiming thereunder." The court, under its view of the law, found that the plaintiff had alleged facts which in themselves denied the plaintiff the relief that it sought and granted the motion to dismiss.

In other words, in the exercise of its judicial discretion the court was of the opinion that a declaratory judgment would not terminate the controversy giving rise to the proceeding as to either the insured defendant or third parties claiming under the policy.

In its complaint plaintiff alleged the involvement of the defendant in the automobile accident on September 10, 1963, and that the accident occurred during the term of the purported insurance coverage; that as a result it is foreseen that certain

claims may be made or law suits filed alleging that the death and injury were due to the negligence of the defendant. That plaintiff denied any and all liability under the policy of insurance and insisted that it was not obligated to defend any action brought against the defendant and not liable for payment of any resulting judgments.

Plaintiff further alleged in its complaint with reference to our Uniform Declaratory Judgments Act, Title 93, Chap. 89, R.C.M.1947, "that by virtue of said Title and Chapter this Court is hereby empowered in the instant case, where plaintiff will be otherwise subjected to untold peril and expense, to declare and adjudicate the final rights of all parties brought before it in reference to this question."

The plaintiff states in its brief that "the sole issue involved in this appeal is whether or not, under the 'Uniform Declaratory Judgments Act' a court can or should grant a Motion to Dismiss when the complaint is itself legally sufficient to invoke the jurisdiction of the court."

M.R.Civ.P., Rule 57, is concerned with declaratory judgments and states that reference be made to R.C.M.1947, § 93-8901 to 93-8916—the Uniform Declaratory Judgments Act in Montana.

R.C.M.1947, § 93-8906, confirms authority found elsewhere, and in federal jurisdiction, that whether a court will entertain a particular declaratory judgment action is purely a matter within its judicial discretion. That section reads:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

This discretionary power remains intact despite the sufficiency of the complaint to invoke jurisdiction.

The Uniform Declaratory Judgments Act grants an authority—not a command. It gives the court the necessary competency to make a declaration of rights, but it imposes no duty to do so.

The Act should be construed liberally in an effort to give its purpose full effect, and to furnish a full and adequate remedy where none existed before. It enables parties, if the case is within the scope of the Act, to have their rights and obligations determined without either being obliged to assume the responsibility and risk of acting upon his own view of the matter. See generally 22 Am.Jur.2d Declaratory Judgments. 841, § 6; 6 Moore F. P., Declaratory Judgments, Rule 57.

There is no question, either in Montana or other jurisdictions, that a controversy of this nature—where an insurance company attempts to void its policy and liabilities because of alleged fraud—is within the scope of declaratory proceedings. The procedure to be used by the court in determining whether to grant the motion is the same as that for summary judgment. See Rule 56(b) and 56(c).

But recognizing these purposes it is still within the trial court's judicial discretion whether to grant declaratory relief under the circumstances appearing in a case before the court.

It should be noted in this connection that Section 93-8911, R.C.M.1947, in part provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

Since plaintiff in its complaint plead that one person was killed and another injured in the accident on September 10, 1963, and that certain claims may be made against the defendant, or law suits filed, alleging that the death and injury were due to the negligence of the defendant, it appears clear that "all persons which would be affected by the declaration" are not joined as parties in this action and since the statute provides that "no declaration shall prejudice the rights of persons not parties," (see generally, 22 Am.Jur.2d Declaratory Judgments, 945, § 81, 142 A.L.R. 53, 71 A.L.R.2d 747) the court, in exercising its discretion under section 93-8906, supra, doubtless took cognizance of this situation.

■■■ Buffalo Creek Co-op State Grazing Dist. v. Anderson, (D.C.Mont.1947) 72 F.Supp. 330, although different in its facts, states two general propositions which we here adopt: (1) that although the necessary elements of jurisdiction exist, the district court is not compelled to exercise that jurisdiction; and, (2) that a motion to dismiss a declaratory judgment suit is addressed to the sound discretion of the trial court.

■■■ In absence of abuse of such discretion, the determination by the trial court that declaratory relief is not necessary or proper will not be disturbed at the appellate level. The facts of this case and the laws possibly involved are sufficient in our view to support the discretionary action taken at the trial level.

The judge stated in the order granting the motion to dismiss that "it is difficult for the Court to conceive of any possibility" that the plaintiff insurance company could obtain the relief prayed for. This is reminiscent of Mahan v. Hardland, 147 Mont. 78, 410 P.2d 156. At one point during that declaratory judgment proceeding, the judge said: "This is the most bastard suit I have ever seen, to tell the truth." But he went ahead and entered a declaratory judgment anyway. This court reversed and remanded for a full trial. Although we agree that matters of discretion and judgments made thereunder should be based upon firm attitudes, we do not feel at this stage of development of the court's discretionary powers in declaratory relief cases, that more definite rules can be formulated.

■■■ Dismissal of this declaratory action did not deprive the plaintiff of his day in court, and the parties stand today where they stood before filing for declaratory relief.

The judgment of dismissal is affirmed.

MR. JUSTICES JOHN CONWAY HARRISON, DOYLE, ADAIR and CASTLES concur.