Liberty Mutual Insurance Company, Appellant *v.* S. G. S. Company.

Submitted January 8, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Jeffery Charles Hayes, Edward W. Madeira, Jr.,* and *Pepper, Hamilton & Scheetz,* for appellant.

*Harry P. Beiger, Jr.,* for appellees.

OPINION BY MR. JUSTICE NIX, May 2, 1974:

Appellant, Liberty Mutual Insurance Company ("Liberty Mutual"), is a foreign corporation registered to do business in this Commonwealth and on June 22, 1968, had undertaken a contract of liability insurance covering the property of S.G.S. Company ("S.G.S."), an appellee. On that date, a fire occurred upon the premises of S.G.S. causing water damage to the property of Contract Packaging Company ("Contract Packaging"), Perfect Jacket Manufacturing Company ("Perfect Jacket"), Pioneer Canvas Products ("Pioneer") and to the real estate owned by Ralph B. Englander ("Englander") where these businesses were housed, all appellees in the instant action.

Actions in Trespass were instituted by Contract Packaging, Perfect Jacket, Pioneer and Englander against S.G.S. Liberty Mutual instituted an action for a Declaratory Judgment of Non-Liability against

its insured, S.G.S., as well as all plaintiffs in the above-referred to Trespass actions. The relief prayed for was a determination that there was no obligation on its part to defend the actions against S.G.S. arising out of the fire and that it had no obligation to pay any judgments that might be rendered against its insured as a result of the said lawsuits. Liberty Mutual predicated its lack of responsibility upon the alleged failure of the insured to provide written notice in accordance with the terms of the contract of insurance. An answer was filed by S.G.S. to the Petition for Declaratory Judgment placing in issue the failure to give notice as required under the terms of the contract. Appellees, Contract Packaging, Englander, Perfect Jacket and Pioneer filed a Motion to Dismiss on the basis that the Declaratory Judgment was not an appropriate action. The lower court sustained the Motion to Dismiss due to the existence of another available remedy and the presence of a dispute of fact. After affirmance of the order of the lower court by the Superior Court, 224 Pa. Superior Ct. 12, 302 A.2d 501 (1973), we granted allocatur and now reverse.

The court below determined that it lacked discretion to permit the declaratory action based in part upon our prior decisions in which we have held that a declaratory judgment action is not appropriate if another remedy is available.[1] These cases were spe-

---

[1] *C. H. Pitt Corp. v. Insurance Co. of North America*, 435 Pa. 381, 257 A.2d 857 (1969) ; *Loftus v. Carbondale*, 435 Pa. 288, 256 A.2d 799 (1969) ; *Bierkamp v. Rubinstein*, 432 Pa. 89, 246 A.2d 654 (1968) ; *Port Authority of Allegheny County v. Amalgamated Transit Union*, 430 Pa. 514, 243 A.2d 433 (1968) ; *Mains v. Fulton*, 423 Pa. 520, 224 A.2d 195 (1966) ; *Sheldrake Estate*, 416 Pa. 551, 207 A.2d 802 (1965) ; *Greenberg v. Blumberg*, 416 Pa. 226, 206 A.2d 16 (1965) ; *Mohney Estate*, 416 Pa. 107, 204 A.2d 916 (1964) ; *State Farm Mutual Insurance Co. v. Semple*, 407 Pa. 572, 180 A.2d 925 (1962) ; *McWilliams v. McCabe*, 406 Pa. 644, 179 A.2d 222 (1962) ;

cifically disavowed, however, in an opinion by our Court entered subsequent to the Superior Court's decision in the instant appeal. In *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 306 A.2d 295 (1973), this Court interpreted the language of Section 6 of the Uniform Declaratory Judgments Act,[2] Act of June 18,

---

*Wirkman v. Wirkman Company*, 392 Pa. 63, 139 A.2d 658 (1958) ; *Stofflet and Tillotson v. Chester Housing Authority*, 346 Pa. 574, 31 A.2d 274 (1943) ; *Bell Telephone Co. of Pennsylvania v. Lewis*, 313 Pa. 374, 169 A.571 (1934) ; *Nesbitt v. Manufacturers' Casualty Insurance Co.*, 310 Pa. 374, 165 A.403 (1933) ; *Sterrett's Estate*, 300 Pa. 116, 150 A.159 (1930) ; *Taylor v. Haverford Township*, 229 Pa. 402, 149 A.639 (1930) ; *Ladner v. Siegel*, 294 Pa. 368, 144 A.274 (1928) ; *Leafgreen v. LaBar*, 293 Pa. 263, 142 A.224 (1928).

[2] Discretionary

Relief by declaratory judgment or decree may be granted in all civil cases where (1) an actual controversy exists between contending parties, or (2) where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or (3) where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that either (i) there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, or (ii) that there is an uncertainty with respect to the effect of such asserted relation, status, right, or privilege upon the determination of any tax imposed or to be imposed by any taxing authority, including the United States, any state and any political subdivision thereof, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present; but proceeding by declaratory judgment shall not be permitted in any case where a divorce or annulment

1923, P. L. 840, §1-16, *as amended,* 12 P.S. §831-846 and Act of May 22, 1935, P. L. 228, §1-7, *as amended,* 12 P.S. §847-853 (1953), to permit a declaratory judgment action by the insured to determine the extent of the insurer's obligation to defend in an action for indemnification by a third party despite the existence of alternative remedies.

Not present in *Friestad,* however, was the question surrounding the second basis of the trial judge's decision here: whether the existence of a dispute of fact will preclude the use of the declaratory judgment action. *Friestad, supra* at n. 4.

The trial judge found, under present case law, that the existence of a dispute of fact removes discretion in allowing the declaratory judgment action. *Loftus v. Carbondale,* 435 Pa. 288, 256 A. 2d 799 (1969); *Keystone Ins. Co. v. Warehousing and Equipment Corp.,* 402 Pa. 318, 165 A. 2d 608 (1960). See also *C. H. Pitt Corp. v. Ins. Co. of N. A.,* 435 Pa. 381, 385, 257 A. 2d 857, 859 (1969); *Mains v. Fulton,* 423 Pa. 520, 523, 224 A. 2d 195, 196 (1966); *McWilliams v. McCabe,* 406 Pa. 644, 653-54, 179 A. 2d 222, 227 (1962); *Stofflet & Tillotson v. Chester Housing Auth.,* 346 Pa. 574, 578, 31 A. 2d 274, 275-76 (1943); *Ladner v. Siegel,* 294 Pa. 368, 144 A. 274, 276 (1928). But see *Allstate Ins. Co. v. Stinger,* 400 Pa. 533, 163 A. 2d 74 (1960) and *McCandless v. Burns,* 377 Pa. 18, 104 A. 2d 123 (1954).

These cases, however, are inconsistent with our statute, which clearly anticipated the determination of factual disputes in declaratory judgment actions. Section 9 of the Act provides: "When a proceeding under this act involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in

---

of marriage is sought. Act of June 18, 1923, P. L. 840, §6, *as amended,* 12 P.S. §836 (Supp. 1973-74).

other civil actions in the court in which the proceeding is pending. Act of June 18, 1923, P. L. 840, §9, 12 P.S. §839." and the 1935 amendment to the Act added the following: "If the petitioner or a defendant desires any issue of fact to be tried and determined by a jury, he shall so demand in his petition or answer, and, if no such demand is made, its absence shall be treated as equivalent to an agreement to dispense with trial by jury, and that all issues of fact, as well as those of law, may be determined and found by the court, subject to exceptions and appeal, as in equity cases." Act of May 22, 1935, P. L. 228, §6, 12 P.S. §852. Not only do the cases cited above fail to mention these provisions of the Act,[3] but the Court in *Keystone Ins. Co.* was clearly in error when it said: "The instant case . . . basically involves a question of fact. . . . The Court is thus asked to decide, *without the aid of a jury trial,* a question, not of the interpretation of a contract of insurance, but a disputed question of fact." (Emphasis added.) 402 Pa. at 322, 165 A. 2d at 610. Quoted in *McWilliams v. McCabe, supra* at 653.

By ignoring the clear mandate of the Act these cases are in conflict with those of other jurisdictions which have, like ours, enacted the Uniform Declaratory Judgments Act. See e.g., *Empire Fire and Marine Ins. Co. v. Goodman,* 147 Mont. 396, 412 P. 2d 569 (1966); *Reif v. Botz,* 241 Ore. 489, 406 P. 2d 907 (1965); *Hawkeye Cas. Co. v. Stoker,* 154 Neb. 466, 48 N.W. 2d 623 (1951).[4]

---

[3] For a history and criticism of these cases see generally Amram, *A Look at Declaratory Judgments in Pennsylvania Today,* 41 Pa. Bar Ass'n. Q. 384 (1970).

[4] See also, 2 Anderson, *Action for Declaratory Judgments,* §402 (1951) at 988: ". . . the recent pronouncements of the courts establish beyond peradventure of doubt that the modern rule, and the only one that can safely be applied for reliable guidance in such cases, is that the courts in declaratory judgment actions will as readily determine questions of fact as in any other actions or proceedings that may come before them."

See also, *Public Service Comm. of Utah v. Wycoff Co., Inc.,* 344 U.S. 237, 246 (1952) and *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227 (1937). To do so is also in contravention of Section 15 of the Act: "This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those States which enact it and to harmonize, as far as possible, with Federal laws and regulations on the subject of declaratory judgments and decrees." Act of June 18, 1923, P. L. 840, §15, 12 P.S. §845.

Therefore we hold that the mere existence of a factual question does not divest a court of discretion in permitting a declaratory judgment action. Furthermore, that the dispute is solely a factual one and does not involve the interpretation of a document will not necessarily preclude the action.[5] Section 5 of the Act, Act of June 18, 1923, P. L. 840, §5, 12 P.S. §835, provides that the enumerated uses in sections 2 and 3 of the Act, which allow the action in the case of construction of documents and the administration of trusts and estates, are not exclusive uses. The question then, in determining the appropriateness of the action is whether the dispute meets the criteria set forth in section 6 of the Act, cited at note 2 *supra.* In pertinent part that section provides for the action "in all cases where an actual controversy exists . . . or where . . . antagonistic claims are present . . . which indicate imminent and inevitable litigation . . . or where . . . a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that . . . there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein. . . ."

---

[5] But cf., *Central Foundry Co. v. Benderson,* 284 Ala. 144, 223 So. 2d 266 (1969) ; *Smith v. Milwaukee Ins. Co.,* 197 So. 2d 548 (Fla. App. 1967).

In the instant appeal it is uncertain whether the dispute involves solely a factual question as to whether the notice provision in the policy was in fact complied with, or instead involves a construction of the policy as to whether notice is required as a condition of recovery. Even in the former instance the inquiry as to the appropriate exercise of discretion is to be guided by section 6 of the Act.

For the foregoing reasons the Orders of the Superior Court and the court below are vacated and the case is remanded for proceedings consistent with this opinion.

Mr. Justice EAGEN and Mr. Justice O'BRIEN dissent.

---

CONCURRING OPINION BY MR. CHIEF JUSTICE JONES:

I fully concur in the majority opinion and would like to add these few additional words. The declaratory judgment act is a uniform act, and as such it should be interpreted and construed so as "to effectuate its general purpose to make uniform the law of the States which enact it and to harmonize, as far as possible, with Federal laws and regulations on the subject of declaratory judgments and decrees." 12 P.S. §845. Although this Commonwealth was one of the first to adopt the uniform act, our courts early engrafted two conditions precedent to the use of the declaratory judgment procedure which have remained unique to Pennsylvania: (1) that there must not be established an existing common law or equitable remedy; and (2) that there must be no dispute of fact in the case. *See* P. Amram, *A Look at Declaratory Judgments In Pennsylvania Today,* 41 Pa. Bar Ass'n Q. 384 (1970). As the majority points out, these court-made limitations are inconsistent with the statute as originally enacted and amended.

In *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 306 A. 2d 295 (1973), this Court finally abandoned the first of these aberrant limitations;[1] I am pleased to see that the Court today discards the other. The existence of a factual question can no longer remove the trial court's discretion to allow a declaratory judgment proceeding. To the contrary, following today's decision, the existence of a factual dispute can play *no* part in the exercise of the trial court's discretion in this regard.

---

[1] *See also Johnson Estate*, 403 Pa. 476, 171 A. 2d 518 (1961), *overruled sub silentio by McWilliams v. McCabe*, 406 Pa. 644, 179 A. 2d 222 (1962).