## Goberman v. American Bank & Trust Co.

*H. Joseph Flynn*, for petitioner.
*Geisenberger, Zimmerman, Pfannebecker & Gibbel*, and *Stevens & Lee*, for respondent.

JOHNSTONE, *P. J.*, March 14, 1975—Petitioner, S. Michael Goberman, has filed his petition for a declaratory judgment against defendant, American Bank & Trust Company of Pennsylvania, under the Uniform Declaratory Judgments Act. Preliminary objections have been filed by defendant and those objections have been argued before the court sitting en banc.

In the petition, petitioner claims to be the owner of 425,000 shares of the common stock of Lancashire Medical Facilities, Inc., for which no stock

certificate has ever been issued. The remaining 325,000 shares are owned by defendant. Petitioner claims ownership of the 425,000 shares by virtue of a gift from Alan N. Goberman. Defendant maintains that the 425,000 shares, ownership of which is claimed by petitioner, do not exist. This petition was filed for the purpose of determining the ownership of said 425,000 shares of stock.

The preliminary objections of defendant include a motion to strike off the complaint for the reason that a declaratory judgment proceeding is not the proper form of action; a demurrer on the grounds that petitioner does not state a valid cause of action; and a petition raising the defense of failure to join a necessary party.

The law in Pennsylvania relating to declaratory judgments has recently undergone material changes by virtue of two decisions of the Supreme Court. In Friestad v. Travelers Indemnity Company, 452 Pa. 417 (1973), the Supreme Court disavowed the numerous decisions which held that a declaratory judgment action is not appropriate if another remedy is available.

In the second case, Liberty Mutual Insurance Company v. S.G.S. Co., 456 Pa. 94 (1974), the Supreme Court overruled another group of decisions and held that the mere existence of a factual question does not divest a court of discretion in permitting a declaratory judgment action.

In light of the two foregoing recent decisions, the preliminary objections of defendant, consisting of a motion to strike and of a demurrer, must be dismissed.

The third preliminary objection raising the defense of failure to join a necessary party must, however, be sustained. It appears to us that Lancashire

Medical Facilities, Inc., the ownership of whose stock is at issue here, is a necessary party in order to avoid a possibility of another action to enforce the decision made concerning the ownership of stock. Under the supplementary provisions of the Declaratory Judgments Act, a party who is not named but who has an interest or may be affected by the judgment or decree may be joined as a party: 12 P.S. §850. With the joinder of Lancashire Medical Facilities, Inc., all conceivable parties in interest will be on the record and a final judgment or decree binding all parties will be possible.

### ORDER

And now, March 14, 1975, the preliminary objections of defendant consisting of a motion to strike and a demurrer are dismissed, and the third preliminary objection raising the failure to join a necessary party is sustained and plaintiff is directed to join the Lancashire Medical Facilities, Inc., as a party.