**Pennsylvania National Mutual
Casualty Insurance Company v. Love**

*Daniel J. Ryan,* for petitioner.

*John T. Quinn, C. Robert Elicker, Terry W. Knox, Robert J. McKee* and *Gary Block,* for respondents.

WAJERT, *J.,* July 19, 1977—Before the court, after hearing upon petition and answers, is a petition for declaratory judgment pursuant to the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 P. S. §831 et seq.

Petitioner, Pennsylvania National Mutual Casualty Insurance Company, with offices in Pennsylvania, issued a family combination automobile insurance policy No. 100200727 to Robert J. Love.

This policy provided liability insurance coverage to "insureds" on a 1966 Lincoln Sedan owned by Robert J. Love. On January 13, 1977, a motor vehicle accident occurred involving three automobiles including the 1966 Lincoln Sedan owned by Robert J. Love and operated by William P. Love.

The Lincoln, heading in an easterly direction on Route 3, West Goshen Township, Chester County, Pennsylvania, struck a 1974 Maverick causing it to cross the medial strip and collide with a 1962 Chevrolet van.

Robert G. Greenwood operated the 1974 Maverick and three passengers in his car died as a result of injuries sustained in that accident. The

operator and two passengers in the Chevrolet van received personal injuries.

A provision of the liability policy issued by petitioner to Robert J. Love provides that the liability portion of the policy does not apply to ". . . bodily injury or property damage caused intentionally by or at the direction of the insured . . ."

On or about April 29, 1974, William P. Love was found guilty after a jury trial of involuntary manslaughter in connection with this incident.

Petitioner seeks a declaration of their rights to provide a defense and/or indemnification as a result of these facts. It is petitioner's contention that the facts surrounding the accident were such as to fit within the exclusion in the policy mentioned above, thus giving them the right to disclaim coverage.

Initially, we note that our appellate courts have permitted a declaratory judgment action by the insured to determine the extent of the insurer's obligation to defend in an action for indemnification by a third party despite the existence of alternative remedies: Liberty Mutual Ins. Co. v. S. G. S. Co., 456 Pa. 94, 318 A.2d 906 (1974).

Although petitioner has requested that the Court consider and determine several issues, we believe that the only issue properly for determination is whether or not petitioner has established that the insureds' acts were intentional within the language of the policy provision so as to enable them to disclaim coverage.*

---

\* 1. Whether Mr. Love's conviction for involuntary manslaughter is a bar to the present action?

2. Whether the conviction of Mr. Love for involuntary manslaughter is admissible in evidence?

From the pleadings and testimony we find that the facts surrounding the underlying automobile accident are not seriously disputed and are as set forth above.

From those facts we cannot declare that petitioner has established that the insureds' acts were "intentional" so as to permit petitioner to disclaim coverage.

### DECREE

And now, July 19, 1977, after hearing and after consideration of briefs and arguments it is adjudged and decreed that the petition be and is dismissed.

---

3. Whether petitioner has the burden of proving the intentional act by a fair preponderance of the evidence or clear and convincing evidence?

4. What standard the court believes is appropriate to intentional acts?

5. The court's rulings on the specific objections to Robert Gordon Greenwood's answers to interrogatories?