## Skolnick v. Ford Motor Credit Co.

*Arnold Levin, Joel Weisberg and Lee C. Swartz,* for plaintiff.

*William H. Lowery, John H. McKeon, Jr.,* for defendant.

FORER, *J.,* October 30, 1981—Plaintiffs brought this class action complaint alleging defendant violated the Motor Vehicles Sales Finance Act (the Act), 1947, June 28, P.L. 1110, §1, in that the finance charge for the used vehicle they purchased and financed was in fact 21.35 percent. The act provides for this class of vehicle a maximum finance charge of "12 percent per year."

The matter was assigned to this writer on February 7, 1980, for determination of certification of class action and all other pretrial, trial and post-trial purposes. Defendant petitioned for removal to the federal court. Plaintiffs opposed the petition. On April 28, 1980, the matter was remanded to this court by the Honorable Louis C. Bechtle.

On August 19, 1980, defendant filed a petition to stay class certification proceedings on the ground that the action involved a purely legal question of the interpretation of the act. The motion was denied on October 17, 1980.

On December 1, 1980, the Superior Court of Pennsylvania issued its opinion in Dear v. Holly Jon Equipment Co., no. 1538 October term 1979. Thereafter, defendant again filed a motion for summary judgment and the parties submitted "Stipulated Facts for Defendant's Motion for Summary Judgment."

It is stipulated that plaintiffs on July 10, 1978, purchased a 1974 Chevrolet and entered into a Pennsylvania Retail Installment contract providing for, inter alia,

| | | |
|---|---|---|
| (3) | Principal amount financed | $2,109.00 |
| (4) | Finance charge | 629.00 |
| (5) | Time balance (30 monthly installments of | 91.29 per month) |
| (7) | Annual Percentage rate — | 20.58 percent |

There is no doubt that defendant complied with the Truth in Lending Act and that full disclosure of the actual charges was made. It is further stipulated that "The finance charge rate under the Skolnicks' contract, computed on an add-on basis, was 11.94 percent."

The question was ably briefed and argued. Both parties agree that the decision in Dear v. Holly Jon, supra, is precisely in point and binding on this court.

A trial court, although bound by the decisions of appellate courts, has a duty to point out issues that appear to have been overlooked or misinterpreted by prior decisions.[1] Although the act was passed in

---

1. See, e.g. the able opinion of Judge Frank J. Montemuro, Jr. in DeSantis v. Yaw, Superior Court No. 2272, Philadelphia 1980. See also Liberty Mutual Ins. Co. v. S.G.S. Co., 224 Pa.

1947 and has been applied to all motor vehicle financing since that time, Dear v. Holly Jon, supra is the first reported case involving this issue. It is undisputed that the act has always been administered using the "add on basis" of calculation. The learned Superior Court correctly observed that "construction of a statute by those charged with its administration is entitled to great weight and should not be disregarded unless it is clear that their interpretation is incorrect." Legal history, however, is replete with instances of long standing practice which were seldom, if ever, challenged being declared erroneous or unconstitutional when brought to the attention of the courts.[2]

In 1947, the standard interest rate was 6 percent, as it had been for decades. A charge of 12 percent per annum for financing used motor vehicles would have been appropriate. A charge of more than 20 percent would have been excessive, although today it may be appropriate. The court must examine the statute in the light of the intent of the legislature at the time of its enactment and the evil sought to be remedied. Obviously, permitting finance charges of 21 percent would not have remedied the evil of excessive charges which the act was designed to correct. Statutory Construction Act, 1 P.S.C.A. §1921(3).

---

Super. 12, 302 A.2d 474 (1972), in which the trial court and the Superior Court while following decisional law pointed out their reluctance to do so. On appeal, the Supreme Court, 456 Pa. 94, 318 A.2d 906 (1974) reversed a long standing construction of the Declaratory Judgment Act.

2. See, e.g. In re Gault, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967), declaring unconstitutional practices of the juvenile courts that had been in operation 67 years. See also Thompson v. Cortese, __ Pa. Commw., 378 A.2d 1079, (1979), holding that the prothonotary has no authority to enter judgment upon the praecipe of a party.

The Superior Court based its conclusions not only on past administrative interpretation of the act but also the fact that the act states "12 percent interest per year" and does not specify "simple" interest. Interest is generally considered to be of two kinds: simple and compound. See Black's Law Dictionary. There is no category of "add on" interest. Unless compound interest, i.e., interest on interest, is specified, it is presumed that simple interest is to be charged. The omission of the word "simple" should not be determinative, particularly in view of the fact that it is also omitted in other statutes where the intent to limit interest to simple interest is clear. See, e.g., Usury Statute, 41 Pa.C.S. §§201, 202. Other statutes provide for finance charges and discount rates in terms of dollars per hundred and specify the period. See, e. g., Consumer Discount Company Act, 7 P.S. §6201 et seq.; Home Improvement Finance Act, 73 P.S. §500-101 et seq.; Banking Code, 7 P.S. §309(a).

Defendant claims that it is entitled to charge 12 percent on the entire principal sum financed for the period of two and one-half years despite the fact that the act provides that "on contracts providing for installment payments extending for a period which is less than or greater than one year, the finance charge shall be computed proportionately." One would assume that this would not permit the finance charge to be based on the entire principal amount financed for every year the contract is in effect without a recalculation. If, for example, plaintiff's contract had been in effect five years the total charges paid would have been $1,265.40 or a charge of approximately 50 percent of the original loan.

Both parties have ably briefed the difficult problems of rebates for early payments. Neither a read-

ing of the act nor the method of calculation suggested in the Dear opinion yields a workable and fair result. The issue of rebates is not before this court. Statutes must be construed, if possible, to give effect to all provisions. Pa. Hospital Ass'n of Pa. v. MacLeod, 487 Pa. 516, 410 A.2d 731 (1980). In order to have an appropriate interpretation of one section of the act, it must be consistent with other provisions. It is submitted that the method in the Dear opinion fails to meet this test.

Defendant's motion for summary judgment is granted.

### ORDER

And now, this October 30, 1981, defendant's motion for summary judgment is granted and it is hereby ordered that judgment be and is hereby entered for defendant in this case.