**Thomas SMITH, Plaintiff,**

v.

**CGU, formally known as General Accident Insurance, Defendant.**

**No. Civ.A.3:00–CV–1251.**

United States District Court, M.D. Pennsylvania.

Dec. 28, 2001.

Jeffrey M. Kornblau, Todd A. Goodman, Kornblau and Kornblau, Jenkintown, PA, for plaintiff.

Fred B. Buck, John M. Dumont, Rawls & Henderson, LLP, Michael P. Gould, Rawle & Henderson, Philadelphia, PA, for defendant.

### *MEMORANDUM AND ORDER*

CONABOY, District Judge.

**I**

In an independent action in the Court of Common Pleas of Lackawanna County, Thomas Smith, a passenger, received a verdict against Mark Hartung, the driver

of an automobile owned by Deborah Palma.

In this case, a declaratory judgment action, Defendant CGU (the insurer of Deborah Palma) asks the Court to declare it is not responsible to pay the verdict amount to Thomas Smith because Mark Hartung did not have permission to use the automobile of Deborah Palma.

As discussed fully herein, we find Thomas Smith cannot prove that Mark Hartung had permission to use the automobile. We will, therefore, grant the Defendant, CGU's request, and declare it is not responsible to pay the verdict amount to the Plaintiff, Thomas Smith.

## II

This matter comes before the Court on Defendant's motion for summary judgment filed on August 1, 2001. (Doc. 13). The Defendant brought the above-captioned matter before this Court with a notice of removal from the Court of Common Pleas of Lackawanna County on July 14, 2000, asserting that the claims and causes of action are in excess of $75,000.00 thereby entitling the Defendant to removal pursuant to 28 U.S.C. §§ 1332 and 1441(a). (Doc. 1). This declaratory judgment action was brought to determine the legal responsibility of the Defendant to compensate the Plaintiff for injuries and damages suffered in an automobile accident that occurred on August 17, 1991 in Scranton, Pennsylvania. (Doc. 15).

Following an evidentiary hearing[1] on November 5, 2001 the motion for summary judgment (Doc. 13) is ripe for disposition.

Plaintiff filed a Civil Action Complaint against Mark Anthony Hartung, the operator of the vehicle in which Plaintiff was a passenger, Deborah Palma, the owner of that vehicle and Richard McAndrew, the operator of the other vehicle involved in the accident. Throughout the litigation Deborah Palma and Mark Hartung were represented by counsel. On June 6, 1997, following a three day trial in the Court of Common Pleas of Lackawanna County, the jury returned a verdict in favor of the Plaintiff and against Mark Hartung in the amount of $75,000.00. Plaintiff subsequently filed a Motion for Delay Damages that was granted by the court and the verdict was modified to $94,263.70. Post trial motions filed by Hartung were denied by the trial court. No appeals were made from the verdict. (Doc. 15).

At the time of the accident, the automobile owned by Deborah Palma, which was being operated by Hartung, was insured by CGU, formerly known as General Accident Insurance Company. CGU denied coverage to Hartung, stating that he was not a permissive user of the vehicle at the time of the accident. Based on that, the Plaintiff filed a declaratory judgment action in the Court of Common Pleas of Lackawanna County to determine the insurance coverage question. The Defendant, citing diversity of citizenship and an amount in controversy in excess of $75,000.00, removed the matter to this Court. A hearing was set in this matter for October 15, 2001 via this Court's Order of September 24, 2001 that directed the parties to present witnesses and file any supplemental briefs. (Doc. 24). At the

---

1. Rule 43. Taking of Testimony.

   (e) Evidence on Motions. When a motion is based on facts not appearing of record the court may ... direct that the matter be heard wholly or partly on oral testimony or deposition.

Rule 53. Declaratory Judgments (in pertinent part).

   The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

October 15, 2001 hearing, the Plaintiff sought a continuance because he was having difficulty contacting his witnesses. Through our Order issued October 15, 2001, we directed the parties to subpoena any and all witnesses, and a hearing was rescheduled to November 5, 2001. (Doc. 22).

### III

At the November 5, 2001 hearing both parties called witnesses. The Plaintiff called Scranton Police Office Michael Shallow and Mark Anthony Hartung. The Defendant called Deborah Karam Palma. Their testimony was recorded and argument was offered by both parties off the record.

The Plaintiff suggests that there are credibility issues and that a jury should decide them. The Court finds, however, that while the veracity of both Mark Hartung and Deborah Palma may be in question based on their testimony at the November 5, 2001 hearing and their prior deposition testimony, the Plaintiff fails to produce any evidence or witnesses to demonstrate that a jury could reach an alternate conclusion.

### IV

In our analysis of this matter we keep in mind the various cases that direct us regarding summary judgment. A motion for summary judgment can be a very powerful motion. It is a legal method of totally resolving a case without a trial based on a review of pleadings and submissions of the parties. Granting summary judgment is appropriate in cases where there are no significant facts in dispute. Because of the finality of granting a summary judgment motion, we must carefully examine the case and supporting documents along with the submissions from the Plaintiff who hopes to keep his case alive. Rule 56 is a mechanism for "asses[ing] the proof in order to see whether there is a genuine need for trial." Fed.R.Civ.P. 56(e) advisory committee's notes (amended 1963).

Summary judgment is somewhat controversial and can be seen as upsetting the precarious balance between expediency and the preservation of our Seventh Amendment [2] right to jury trial. Thus, we are vigilant and careful not to use it to preclude a party's right to trial or as a vehicle to simply move the case more quickly through the judicial system.[3]

We follow considerable guidance in determining whether summary judgment should be granted. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Knabe v. Boury*, 114 F.3d 407, 410 n. 4 (3d Cir.1997) (*citing* Fed.R.Civ.P. 56(c)). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–8, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

---

**2.** Amendment VII. In Suits at common law, where the value in controversy shall exceed twenty dollars, the rights of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

**3.** For more on this topic, see *A call for introspection Summary Judgment: Use or Abuse*, by Alan B. Epstein.

*See also Orsatti v. New Jersey State Police,* 71 F.3d 480 (3d Cir.1995).

These rules make it clear that in order for a moving party to prevail on a motion for summary judgment, the party must show two things: (a) that there is no genuine issue as to any material fact, and (b) that the party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This instructs us that a fact is "material" if proof of its existence or nonexistence would effect the outcome of the lawsuit under the law applicable to the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Levendos v. Stern Entertainment Inc.,* 860 F.2d 1227, 1233 (3d Cir.1988). We are further instructed that an issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505; *Hankins v. Temple University,* 829 F.2d 437, 440 (3d Cir.1987); *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.,* 812 F.2d 141, 144 (3d Cir.1987); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* rev'd 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Under this regimen that we follow, the Court is required to view the evidence in the light most favorable to the non-moving party. Consistent with this principle, the non-movant's evidence must be accepted as true and all reasonable inferences must be drawn in the non-movant's favor. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990). However, the non-moving party may not rest on the bare allegations contained in his or her pleadings. Once the moving party has satisfied its burden of identifying evidence which demonstrates an absence of a genuine issue of material fact, *see Childers v. Joseph,* 842 F.2d 689, 694 (3d Cir.1988), the nonmoving party is required by Federal Rule of Civil Procedure 56(e)[4] to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.,* 812 F.2d 141, 144 (3d Cir.1987).

In 1986, the Supreme Court handed down a trio of opinions that significantly altered the playing field relating to the disposition of summary judgment motions in our federal courts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* rev'd 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Those cases encouraged greater use and acceptance of summary judgment motions and decreased the moving party's burden on issues where the opposing party bears the burden of proof. The jurisprudence of this significant "trilogy" made it possible for defendants to challenge the factual sufficiency of plaintiff's claims without any affirmative evi-

---

**4.** In relevant part, Rule 56(e) states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

dence of their own. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

In *Celotex*, the Court held that the moving party can discharge his initial burden simply by showing that the non-moving party has not produced any evidence in support of an element on which the movant will bear the burden of proof at trial. Once the movant shows that no evidence has been produced, the burden then shifts to the non-moving party to produce evidence suggesting he will be able to carry his burden at trial. *Id.* at 323–24, 106 S.Ct. 2548. While admonishing that "Rule 56 must be construed with due regard ... to have ... claims and defenses tried at jury," it also noted that courts should not hesitate to grant summary judgment in appropriate circumstances. *Id.* at 327, 106 S.Ct. 2548.

In *Matsushita*, the Court reversed a decision of the Third Circuit and held that the existence of competing inferences will not preclude the grant of a summary judgment motion. Under the standard established in *Matsushita*, if a party moving for summary judgment can show that the inference supporting its position is the only "reasonable" inference, then summary judgment is proper. *Id.* 475 U.S. at 588, 106 S.Ct. 1348.

Thirdly, in *Anderson v. Liberty Lobby, Inc.*, the Court held that to determine if the opponent's evidence is sufficiently probative, the trial judge must consider the nature of the actual quantum and quality of proof necessary to support liability. *Id.* 477 U.S. at 254, 106 S.Ct. 2505. Therefore, the higher the proof at trial, the more probative evidence necessary to defeat a summary judgment motion. (*See also, Orsatti v. New Jersey State Police*, 71 F.3d 480 (3d Cir.1995).).

Finally, it has been held that the plaintiff/non-moving party, must do more than simply show that there is some meta-phys-

ical doubt as to those material facts; they must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.; Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Third Circuit Court of Appeals has also determined that "a plaintiff must point to concrete evidence in the record that supports each and every essential element of his case to survive summary judgment." *Orsatti v. New Jersey State Police*, 71 F.3d at 484.

Finally, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, when conflicting evidence must be weighed, a full trial is usually necessary. Such disputes are not appropriately resolved on the basis of affidavits alone. Witnesses should be heard and observed, on direct and cross-examination. But when the question for decision concerns drawing inferences from undisputed evidence, or interpreting and evaluating evidence to derive legal conclusions, a trial may not add to the Court's ability to decide.

The record for this case includes deposition testimony and many pages of argument submitted by both parties. In spite of this significant record, because of the nature of this case and its fact-sensitive nature, we were faced with a situation where hearing witnesses and testimony in order to develop the record further was needed. Therefore, a limited evidentiary hearing was held for this purpose pursuant to Fed.R.Civ.P. 43(e).

## V

### *DISCUSSION*

The Defendant maintains that it is not responsible to pay the judgment obtained by the Plaintiff. It submitted Deborah Palma's insurance policy as an exhibit

along with its brief in support of its motion for summary judgment. (Doc. 14). The policy contained the following exclusion for liability coverage:

A. We do not provide Liability Coverage for any person:

.    .    .    .    .

8. Using a vehicle without a reasonable belief that that person is entitled to do so.

(Doc. 14, Ex. C).

■ Deposition transcripts gathered during discovery and submitted to the Court along with testimony taken during the November 5, 2001 hearing unequivocally show that Deborah Palma did not give Mark Hartung permission to use her vehicle:

Q. Is it your testimony today that Mr. Hartung did not have permission to drive the 1979 Jeep on the day of the accident?

A. Yes.

Q. That's your testimony?

A. Yes.

Q. Did Mr. Hartung ever ask you to drive the 1979 Jeep prior to the day of the accident?

A. No.

(Doc. 14, Ex. D (3/20/95 Deposition of Deborah Palma)). and

Q. Ma'am, prior to August 17, 1991, had you ever permitted Mr. Hartung to use either one of your vehicles?

A. No.

Q. Had you granted him permission to use your vehicle on August 17, 1991?

A. Absolutely not.

(Doc. 23, N.T. 36).

In addition, Mr. Hartung testified that he did not ask Ms. Palma to use her vehicle:

Q. Did you ever ask Ms. Palma to use her car at any time prior to the accident?

A. Absolutely not.

Q. Why not?

A. Because I didn't need to ask her. I mean, I didn't know her that well. I only knew her for a couple of months. To ask her to borrow her car, no.

(Doc. 14, Ex. E (3/20/95 Deposition of Mark Hartung)). and

Q. Prior to the date of the accident had you ever asked Ms. Palma for permission to use her vehicle?

A. I did not.

Q. After the accident, did there ever come a time that you called Ms. Palma to apologize?

A. Yes, I did.

Q. And what was the reason for that?

A. Because I took the vehicle without her knowledge.

Q. Sir, did you believe that you had permission to use her vehicle on the day of the accident?

A. No, I did not. I know I didn't.

(Doc. 23, N.T. 32–33).

The Plaintiff further argues that Ms. Palma "never allowed *anyone* to drive her Jeep." (Doc. 14, p. 4).

Q. Did you ever allow anyone to use that vehicle at any time?

A. No.

Q. Never loaned the keys to anybody prior to—at any time?

A. No.

(Doc. 14, Ex. D (3/20/95 Deposition of Deborah Palma)).

Based on the terms of Ms. Palma's auto insurance policy and the testimony, the Defendant claims that Mr. Hartung was not a covered party because he was not a permissive user. (Doc. 14). The Defendant cites to *Worldwide Insurance Group v. Primavera,* 2000 WL 136801, 2000 U.S.Dist. LEXIS 1024 (E.D.Pa. No. 99-2649). In that case, the court granted Worldwide's motion for summary judgment determining that the "permissive use" clause excluded coverage since the driver did not have a reasonable belief he was entitled to drive the insured's automobile. In *Worldwide,* James Primavera was driving his father's automobile without permission when he collided with another automobile causing injuries. Subsequently, the injured party instituted suit against James and his father. As in the case before us, the insurance company alleged that there was no liability coverage based upon the "permissive use" clause.

The court in *Worldwide* determined that there was no evidence on the record that James had permission to use the vehicle. In so doing, the court referred to recorded statements and deposition testimony. Id at *2, 2000 U.S.Dist.LEXIS 1024 at *6. The court determined that a reasonable fact finder could not conclude that James had express permission to use the automobile on the day of the accident. *Id.* Likewise, the court concluded that there was no implied permission either. To that extent, James had not been allowed to use his father's automobile for the past ten years. *Id.*

Clearly, in the case before us, the evidence presented by the Plaintiff has failed to establish that Mr. Hartung had either express or implied permission to drive Ms. Palma's automobile. Mr. Hartung had never driven Ms. Palma's automobiles in the past and never had permission to drive them. Even with the most liberal translation, it cannot be implied that Mr. Hartung had permission to use the vehicle on that day.

The Plaintiff's main argument is that, based on his ongoing relationship with Deborah Palma, Mark Hartung had a reasonable belief that he was entitled to use her vehicle on August 17, 1991. (Doc. 15). Therefore, the automobile insurance policy should cover him as an authorized driver. As such, the Plaintiff seeks a declaratory judgment[5] that the Defendant, CGU is liable for the judgment obtained by the Plaintiff against Hartung. The Plaintiff notes that the nature of his claim, a denial of insurance benefits based on the permissive use exclusion of the insurance policy, is one of factual circumstances and credibility. (Doc. 15). The Plaintiff's argument is tenuous at best since Plaintiff submitted absolutely no positive evidence showing or even inferring Hartung had or believed he had permission to use the vehicle.

The Plaintiff claims that the record contains "sufficient evidence supporting Plaintiff's claim that Mark Anthony Hartung had permissive use to operate Deborah Palma's vehicle." In addition, the Plaintiff states that "[a]t a minimum, questions of fact remain as well as questions regarding the credibility of the witnesses. There-

---

**5.** The Declaratory Judgment Act 28 U.S.C. §§ 2201, 2202 provides a remedy that may be used by the federal court in appropriate circumstances. The statute provides that a Court "may declare the rights ... of any interested party." 28 U.S.C. § 2201(a); *State Auto Ins. Companies v. Summy,* 234 F.3d 131 (3d Cir.2000). Pennsylvania Courts have stated this type of action is particularly appropriate in construing contracts of insurance in order to determine whether an insurer is obliged to defend and/or indemnify one claim thereunder. *Liberty Mutual Ins. Co. v. S.G.S. Co.,* 456 Pa. 94, 318 A.2d 906 (1974).

fore, this case must be submitted to a jury." (Doc. 15, p. 7). We disagree.

■ In any case like this one where operative facts are determinative of the outcome, credibility is always an issue. We agree with the Plaintiff's assertion that the witnesses credibility is very important. We bear in mind, however, that in this summary judgement phase of the case, a defendant may not "prevail merely by discrediting the credibility of the movant's evidence; it must produce some affirmative evidence." *Big Apple BMW, Inc. v. BMW of N. Amer., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992). With this standard in mind, we look to the record and note while some of the witnesses did not appear to be the most credible ones to come before this Court, their testimony was not contradicted by any additional testimony or evidence presented by the Plaintiff. Because their testimony remains uncontradicted, and no other testimony was presented, a jury would be left with no evidence on which to base the kind of verdict the Plaintiff seeks. The law prevents such speculation by a jury, and requires that any verdict be supported by factual evidence.

The purpose of the hearing was to determine if the Plaintiff could produce the kind and type of evidence necessary to allow a reasonable fact finder to find that Mr. Hartung had permission to use Ms. Palma's vehicle on the day of the accident. The Plaintiff argues that the case must be submitted to jury because of the credibility issues. We make no judgment on credibility, but find even if a jury determined that the witnesses were not credible, the record just does not support an outcome favorable to the Plaintiff.

## VI

### CONCLUSION

Based on the entire record and notes of testimony viewed in a light most favorable to the Plaintiff, and keeping in mind the standard we follow for summary judgment, we determine that a reasonable fact finder could not conclude that Mark Hartung had express or implied permission to use Deborah Palma's automobile on the day of the accident.

Because we conclude that Mark Hartung was not a permissive user of Deborah Palma's automobile on the day of the accident, we find he was not a covered party under the CGU insurance policy. Therefore, we must also find that the Defendant is not financially liable and is entitled to judgment in its favor. An appropriate order follows.

### ORDER

Now, this 28th Day of December, 2001, it is hereby ORDERED that:

1. Defendant's motion for Summary Judgment (Doc. 13) is GRANTED;

2. The Clerk of Court is directed to enter judgment in favor of the Defendant CGU and the Plaintiff, Thomas Smith;

3. The Clerk of Court is directed to close this case.