No. 13694

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

WESTERN LITHO, a Montana
 corporation, et al.,

        Plaintiffs and Appellants,

    -vs-

THE BOARD OF COUNTY COMMISSIONERS
OF YELLOWSTONE COUNTY, MONTANA et al.,

        Defendants and Respondents.

---

Appeal from:  District Court of the Thirteenth Judicial
             District,
             Hon. LeRoy L. McKinnon, Judge presiding.

Counse of Record:

    For Appellant:

        Hibbs, Sweeney & Colberg, Billings, Montana
        Maurice Colberg argued, Billings, Montana

    For Respondents:

        Morrow, Nash and Sedivy, Bozeman, Montana
        Edmund P. Sedivy argued, Bozeman, Montana
        C. W. Jones argued, Deputy County Attorney,
        Billings, Montana

---

                    Submitted:  September 23, 1977

                     Decided:  OCT 18 1977

Filed: JUL 18 1977


_____ Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff filed a complaint in the district court, Yellowstone County, requesting a declaratory judgment. The district court dismissed the complaint on the ground plaintiff lacked standing to bring the action and was not the real party in interest. Plaintiff appeals.

Plaintiff is Western Litho, a printing establishment located in Billings, Montana. Defendants are the Board of County Commissioners of Yellowstone County and The Artcraft Printers, Inc., another printing firm located in Bozeman, Montana.

The facts as alleged in the complaint are:

For the two year period preceding January 1, 1976, Campbell Calvert, d/b/a Laurel Outlook, a newspaper in Yellowstone County, hereinafter referred to as Calvert, had the contract for legal advertising, publications and printing for Yellowstone County, and subcontracted the printing portion of the work to plaintiff. Calvert also submitted a bid for the period commencing in 1976 and agreed again to subcontract the printing to plaintiff, if his bid was accepted. Plaintiff contends Calvert's bid was the only qualified bid on the entire contract, and therefore the Board of County Commissioners was required to accept it under sections 16-1230 through 1233, R. C.M. 1947. The Board, however, chose to split the contract and awarded the printing portion to Artcraft and the remainder to Calvert.

Plaintiff instituted a declaratory judgment action, naming the Board and Artcraft as defendants and requesting sections 16-1230, et.seq., be interpreted to mean:

"* * * that if there is a low bid from any newspaper for all of the legal advertising, publications and printing work of the county and if that newspaper owns and operates a commercial printing establishment, then all of the county legal advertising, publications and printing work must be awarded to that particular newspaper and the contract cannot be divided into two parts, one for legal advertising and publications and the other for printing and further that the phrase 'commercial printing establishment' as used in §16-1230 does not contempla te that all of the printing work must be accomplished by the particular newspaper upon its premises but may be subcontracted to other qualified firms."

Defendants moved for dismissal of the complaint on the grounds that plaintiff lacked standing to sue and was not the real party in interest. Plaintiff subsequently moved to amend its complaint to add Calvert as a party plaintiff and to add a prayer for lost profits. Without ruling on plaintiff's motion, the district court granted the motion to dismiss.

The threshold question here is whether plaintiff has the requisite standing to bring an action under Montana's Uniform Declaratory Judgments Act. Section 93-8902, R.C.M. 1947 provides, so far as is pertinent here:

"Any person * * * whose rights, status or other legal relations are affected by a statute * * * may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder."

The complaint alleges plaintiff has a contract with Calvert for printing work conditioned upon the acceptance by the Board of County Commissioners of Calvert's entire bid. Further, it alleges Calvert's entire bid was not accepted because the Board acted in contravention of sections 16-1230, et seq., R.C.M. 1947, in accepting Artcraft's bid for the printing work.

- 3 -

The United States Supreme Court stated in Flast v. Cohen, 392 U.S. 83, 99, 88 S.Ct. 1942,1952, 20 L ed 2d 947, 961 (1968):

> "* * * The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' Baker v. Carr, 369 U.S. 186, 204, 7 L Ed 2d 663, 82 S.Ct. 691 (1962)."

Here plaintiff has alleged a substantial and personal economic injury that is the direct result of what it claims to be the unlawful action of the Board of County Commissioners. The "concrete adverseness" required by Baker and Flast is assured.

Defendants rely on Chovanak v. Matthews, 120 Mont. 520, 188 P.2d 582 (1948), for the proposition that plaintiff lacks standing to seek a declaratory judgment. Such reliance is misplaced. The Court in Chovanak denied standing to a citizen who challenged the constitutionality of a law relating to the licensing of slot machines for certain purposes. The Court noted plaintiff's only interest was that of a citizen, elector, resident and taxpayer, and stated:

> "It is held in Montana, as it is held by the United States Supreme Court, and by courts throughout the nation, that a showing only of such interest in the subject of the suit as the public generally has is not sufficient to warrant the exercise of judicial power. * * *" 120 Mont. 527.

The instant case is clearly distinguishable. Here, plaintiff asserts a right of a subcontractor under the statutes governing the letting of bids for county printing work. Far from being shared with the public at large, this right is shared by, at most, one other person, the contractor, Calvert. Plaintiff has standing to bring the action for a declaratory judgment.

- 4 -

Defendants concede Calvert is the real party in interest, but the district court dismissed the action without giving plaintiff a reasonable opportunity to join Calvert as a party plaintiff. In view of our holding, we find it unnecessary to discuss the other questions on appeal.

The order of the district court is reversed. The case is remanded for further proceedings in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -