No. 81-146

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN THE MATTER OF THE CLASSIFICATION
APPEAL OF TED J. SELON, STATE OF
MONTANA, et al.,

                    Petitioner and Appellant,

        vs.

BOARD OF PERSONNEL APPEALS et al.,

                    Respondents and Respondents.

---

Appeal from:  District Court of the First Judicial District,
              In and for the County of Lewis and Clark
              Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        J. Michael Young and John Bobinski, Department of
        Administration, Helena, Montana

    For Respondents:

        Barry Hjort, Helena, Montana
        James Gardner, Bd. Personnel Appeals, Helena, Montana

---

                        Submitted on briefs:  July 24, 1981

                                Decided:    OCT 1 4 1981

Filed:  OCT 14 1981


_Thomas J. Kearney_
_____
                      Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The State Department of Administration (DOA) brought an action in the District Court of Lewis and Clark County seeking judicial review under the Montana Administrative Procedure Act (MAPA) of a final order of the State Board of Personnel Appeals (BPA) entered in a wage and classification appeal filed by Ted J. Selon. The District Court dismissed DOA's petition for judicial review for lack of jurisdiction. DOA appeals.

Ted J. Selon was employed by the Department of Highways as a general office clerk; and in 1976, believing he should be paid at a higher rate of pay for the duties he performed, he filed a wage and classification appeal pursuant to section 2-18-1011, MCA. Mr. Selon chose the Montana Public Employees Association (MPEA) to represent him in the appeal.

Section 2-18-1011, MCA, provides in part that an employee may file a complaint with the BPA regarding the classification of his position and be heard under the provisions of a grievance procedure to be prescribed by the BPA. The BPA has promulgated and adopted a four-step grievance procedure which is set forth in A.R.M. Sec. 24.26.508.

Mr. Selon's appeal proceeded through each step of the grievance procedure until it was eventually filed with the BPA as required in step four of that procedure. No action was taken by the BPA on the appeal until the fall of 1979.

In March 1979 the DOA and MPEA presented to the BPA a consent agreement which provided that in all appeals wherein the employee was represented by the MPEA the parties would proceed under an alternative grievance procedure. The purpose of the agreement was to expedite appeals before the BPA.

Mr. Selon's appeal was processed by the BPA that fall according to the terms of the consent agreement; and as provided therein, the BPA appointed an investigator to investigate the contentions of the parties and render a preliminary decision. On

November 13, 1979, the investigator mailed to the parties his preliminary decision that Selon's position should be reclassified to Grade 11. The DOA received notice of his decision on November 14, and on December 5 mailed to the BPA its exceptions to that decision.

A dispute arose as to whether the exceptions to the preliminary decision were timely filed by the DOA under the terms of the consent agreement. By order dated January 10, 1980, the administrator of the BPA ruled that the DOA's exceptions had not been timely filed and that the preliminary decision of the investigator was to stand as the final order of the BPA. On January 16 the DOA moved the BPA to reconsider its order. The motion was denied and the order of January 10 became final. Thereafter, the DOA petitioned the District Court for judicial review of the final order under MAPA. The District Court dismissed the petition for lack of jurisdiction. The DOA appeals.

The sole issue on appeal is whether the District Court had jurisdiction under MAPA to judicially review the BPA's final order.

Under MAPA a person who has exhausted all administrative remedies is entitled to judicial review if he is aggrieved by a final decision in a contested case. Section 2-4-702(1)(a), MCA.

A "contested case" is defined in section 2-4-102(4), MCA, as follows: "'Contested case' means any proceeding, before an agency in which a determination of legal rights, duties, or privileges of a party is required by law to be made after an opportunity for hearing." (Emphasis added.)

The final order of the BPA was not a final order in a contested case. It was not a determination made after an opportunity for a hearing. The BPA determined that the DOA's exceptions to the investigator's preliminary decision were untimely filed; therefore, the DOA was not entitled to a hearing under the terms of the agreement which provided that any hearing would be

- 3 -

limited in scope to the issues presented in the filed exceptions.

Judicial review under MAPA is appropriate only when there has been an opportunity for a hearing. There was no opportunity for a hearing in this case, and the District Court properly dismissed for lack of jurisdiction the DOA's petition for judicial review.

Affirmed.

_____
Chief Justice


We concur:

_____

_____

_____

_____
Justices