No. 82-172

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

———————————

ALBERT C. BAILEY,

Plaintiff and Appellant,

vs.

MONTANA DEPARTMENT OF HEALTH
AND ENVIRONMENTAL SCIENCES,
et al.,

Defendants and Respondents.

———————————

Appeal from:   District Court of the Fourth Judicial District,
               In and for the County of Missoula
               Honorable Douglas Harkin, Judge presiding.

Counsel of Record:

    For Appellant:

        Datsopoulos,  MacDonald & Lind, Missoula, Montana
        Richard A. Reep, Missoula, Montana

    For Respondents:

        Robert L. Deschamps, III, County Attorney, Missoula,
         Montana
        Michael Schestedt, Deputy County Attorney, Missoula,
         Montana
        Frank Crowley, Helena, Montana

———————————

Submitted on briefs: February 24, 1983

Decided: June 2, 1983

Filed:   JUN 2 1983

_____
                Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff Albert Bailey, appeals a Missoula County District Court order denying his application for a writ of mandamus. The trial court ruled that Bailey had not proved he had been given a "blanket approval" to build a trailer park in 1968 or in any later years, that he had not exhausted his administrative remedies, and finally, that in any event the five-year statute of limitations (section 27-2-215 MCA) had run on his right to bring a mandamus action.

In his appeal Bailey claims that the court was not bound by the statute of limitations in a mandamus action because mandamus is based on equitable considerations; that the court abused its discretion by refusing to apply the doctrine of equitable estoppel against the county and state; that the county took his property without due process of law and denied him equal protection of the law (this issue is raised for the first time on appeal); and finally that the court abused its discretion because Bailey had proved he was entitled to the writ by showing that he was given "blanket approval" in 1968 to build a trailer park according to the plans he had then submitted. We affirm.

Substantial evidence supports the finding that "blanket approval" was not granted in 1968 or during any later years to build the entire trailer park contemplated by Bailey. The trial court further held, and we agree, that Bailey had not exhausted his administrative remedies: he did not proceed through the administrative hierarchy after he was notified that his plans would not be approved. We need not reach the statute of limitations issue, nor the constitutional issues raised for the first time on appeal.

In 1968, with the intention of building a trailer park, Bailey purchased two parcels of land in Lolo, Montana.

Before Bailey's bank would finance the purchase of the land, Bailey was required to receive assurances from county health officials (acting also as agents of the state) that the plan was suitable for a trailer park. The main controversy in this suit is whether a "blanket approval" for the 1968 plans and all future development was obtained, or whether Bailey was merely assured that his plans were feasible and had conceptual merit. The trial court found in favor of the county and state on this issue.

Later, in 1968 Bailey drafted a master plan for his proposed development then covering 11 acres. It included provisions for 96 trailer spaces. He submitted his plan to the County Health Department and they allegedly assisted him in directing the construction of utility and sewage lines. Bailey then began construction on the trailer park, and in September of 1968, he completed construction of 29 spaces and obtained a license to operate the trailer park.

After completion of this first phase of the trailer park, Bailey filed two more applications for permits to expand the trailer park. The first, in 1971, was granted after some difficulties, and Bailey added another 30 trailer spaces. The second application for an expansion permit, in 1972, was denied. After this denial of the second request for an expansion permit Bailey made no more formal applications to expand his trailer park but talked intermittently with state and county officials between 1972 and 1975.

During these discussions with state and county officials, Bailey was repeatedly told he must submit new plans to demonstrate that any expansion project complied with current health laws and regulations. At one point Bailey tried to rely on the 1968 plans already submitted, only to

3

find that the health officials had lost the plans. Bailey spent three days in government files looking for the plans and finally found them. He did not, however, ever submit any plans that the health officials considered sufficient to determine if a permit should be granted for the second proposed expansion of the trailer park. Furthermore, in 1973, and especially in 1974, Bailey was unequivocally informed that the 1968 plans on file could not be used as a basis for his application for a second expansion permit. Bailey took no action to appeal these decisions through administrative channels.

In the fall of 1979, Bailey filed a pro se application for a writ of mandamus and asked the trial court to issue a peremptory writ compelling the health departments and officials to issue a permit for the expansion of his trailer park. After an evidentiary hearing, the trial court held that Bailey did not prove that the health officials in 1968 had approved not only his present plans but his future plans not yet formulated. The court further held that Bailey had failed to exhaust his administrative remedies by failing to appeal the administrative decisions through the administrative hierarchy, and finally, that the statute of limitations had run on Bailey's claim.

Bailey could not hope to prevail unless he proved that the county health officials granted him "blanket approval" of his entire project when he presented his plans in 1968. Absent such evidence Bailey would remain subject to submitting additional plans and obtaining additional approvals. The trial court found that the county health officials did not give "blanket approval" in 1968. Not only does substantial evidence support this finding, Bailey has

4

not specifically challenged this finding as an issue on appeal.

Nor does the record support Bailey's repeated contentions that he received blanket approval in 1968 for all present and future plans for trailer park expansion. Bailey concedes that he was required to apply for an expansion permit at each stage of the construction. He further concedes that at least by 1974 the state had denied his requests for expansion permits based on the information it then had to evaluate. If the health departments had granted blanket approval in 1968 for all future expansions, Bailey's later applications for expansions were idle gestures. Because Bailey continued to apply for permits for each phase of construction, he clearly recognized his own duty to present the necessary information to the health departments and the concomitant duties of the health departments to evaluate the material presented. The health departments were required to make informed decisions on each phase, as to whether Bailey's proposed construction complied with health laws. Bailey's application for additional permits demonstrates his knowledge that the health departments must approve all his plans. The health departments were unable to do this when Bailey failed to provide the necessary information.

We further affirm the trial court on the ground that Bailey did not exhaust his administrative remedies once he knew that the health officials refused to grant the permits absent his submission of, and their approval of, his updated plans. In 1973 and again in 1974, Bailey was unequivocally informed that the permits could not issue without the resubmission of his plans showing compliance with updated health regulations. Bailey refused to submit additional

plans and failed to take action within the agency hierarchy to contest the decisions. Bailey could not sit on his rights and refuse to appeal within the administrative framework, and, six years later commence an action in District Court for the relief that an agency could have provided had Bailey set the gears in motion.

The order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices