No. 58,476

JOHNSON COUNTY MEMORIAL GARDENS, INC., *Appellant*, v. CITY OF OVERLAND PARK, BOARD OF ZONING APPEALS OF THE CITY OF OVERLAND PARK, and ED FICKES, *Appellees*.

(718 P.2d 1302)

Opinion filed May 2, 1986.

*Michael J. Gallagher*, of Wassberg, Gallagher & Jones, of Kansas City, Missouri, argued the cause, and *Thomas M. Franklin*, of the same firm, and *Charles D. Kugler*, of Vasos, Kugler & Dickerson, of Kansas City, Kansas, were with him on the brief for appellant.

*Henry Cox*, assistant city attorney, argued the cause, and *Rod L. Richardson*, and *Thomas D. Billam*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, were with him on the briefs for appellees.

*Edwin P. Carpenter*, of Hiatt & Carpenter, Chartered, of Topeka, was on the *amicus curiae* brief for Kansas Cemetery Association.

The opinion of the court was delivered by

HOLMES, J.: Johnson County Memorial Gardens, Inc., a Kansas

corporation, appeals from an order sustaining defendants' motion for summary judgment in an action by Memorial Gardens for an order of mandamus and other relief. The case was submitted to the court on stipulated facts which will be greatly summarized herein.

Johnson County Memorial Gardens, Inc., (Memorial Gardens) owns and operates a cemetery by the same name situated on thirty-five acres of land in Johnson County, Kansas. Memorial Gardens has owned the cemetery since its inception in 1950. The subject property was initially located outside the city limits of Overland Park, Kansas; however, it now lies within the city by way of annexation which occurred in 1968. At that time the property was zoned R-1 (single family residential) under the Overland Park ordinances. In 1983 Memorial Gardens desired to dismantle an existing three-sided storage shed and replace it with an enclosed metal building. The need for this construction stemmed from theft and vandalism perpetrated upon the unsecured equipment Memorial Gardens had on the property. Appellant, through its building contractor, applied to the City of Overland Park for a building permit. This request to the defendant Ed Fickes, the code administrator in charge of issuing building permits, was denied and appellant was instructed that as the cemetery was a nonconforming use under R-1 zoning it would need to acquire a special use permit as a prerequisite to receipt of the requested building permit. Memorial Gardens declined to file an application for a special use permit.

On June 23, 1983, Memorial Gardens filed an appeal from the decision denying the building permit to the Board of Zoning Appeals. That appeal was rejected by the city zoning board after an August 17, 1983, hearing.

Appellant then commenced this civil action in the District Court of Johnson County against the City of Overland Park, the Board of Zoning Appeals of the City of Overland Park, and Ed Fickes as the code administrator for the city. In its petition Memorial Gardens sought (1) an order of mandamus directing the code administrator and the city to issue a building permit, (2) reversal of the zoning board's order requiring the acquisition of a special use permit, (3) a determination that the city zoning ordinances did not apply to Memorial Gardens, (4) money damages, and (5) other relief.

Upon stipulated facts all parties moved for summary judgment. On July 18, 1985, the district court ruled in favor of the defendants and sustained their motion for summary judgment. The court found that Overland Park could properly zone plaintiff's land, that the preexisting use as a cemetery did not prohibit an R-1 underlying zoning classification and that state laws dealing with cemeteries did not preempt the field. The court also found that Memorial Gardens had failed to pursue and exhaust existing administrative remedies, and that such inaction precluded the granting of any of plaintiff's requested relief. Memorial Gardens now appeals to this court. Although appellant asserts several arguments, the controlling issues may be summarized as (1) did the city have the power to zone the property R-1, resulting in the cemetery becoming a nonconforming use, and (2) if it did have such authority, is this action precluded by reason of the failure of the appellant to exhaust its administrative remedies prior to filing suit? We think both issues must be answered in the affirmative.

Appellant's basic position is that as cemeteries are extensively regulated by state statute, the state has preempted the field and cities are powerless to zone or control the use of pre-existing cemeteries other than to create a zoning classification specifically allowing cemeteries. Under this theory, it is alleged that the Memorial Gardens cemetery property cannot be a nonconforming use and therefore is not required to obtain a special use permit.

Initially it should be noted that cemeteries supply an essential service. To fulfill their necessary function they require adequate space for burial plots, lawns, shrubs, trees, sculptures and roads. Equipment is necessary to maintain a cemetery in a useful and acceptable condition. Accessory buildings utilized in the management and care of the cemetery grounds may be necessary. It has been universally recognized that a state may, in the exercise of its police power, regulate the location and operation of cemeteries within its borders. 14 Am. Jur. 2d, Cemeteries § 9. In Kansas, the construction and maintenance of cemeteries, and the organization of cemetery corporations, are extensively regulated by statute. See generally K.S.A. 12-1401 *et seq.*; K.S.A. 15-1001 *et seq.*; and K.S.A. 17-1302 *et seq.* However, it does not appear the present issue has been addressed by the legislature within these

special provisions dealing with cemeteries. This being the case, it is then necessary to fall back upon the state's general planning and zoning statutes.

A municipality has no inherent power to enact zoning laws, and the power of a local government to accomplish zoning exists only by virtue of authority delegated by the state. 82 Am. Jur. 2d, Zoning and Planning § 7; *Julian v. Oil Co.*, 112 Kan. 671, 212 Pac. 884 (1923). The planning and zoning power of Kansas municipalities is derived from the grant contained in K.S.A. 12-701 *et seq.* Under K.S.A. 12-707, a city is authorized to divide the land within its boundaries into zones or districts. The statute further allows the municipality to regulate and restrict uses within each zone or district. Toward this end, municipal zoning for the purpose of preserving the residential character of a neighborhood has been recognized as a legitimate exercise of the statutory enablement. *Houston v. Board of City Commissioners*, 218 Kan. 323, 328, 543 P.2d 1010 (1975). An integral component of our enabling law is the exception provided to existing uses from newly passed zoning ordinances. K.S.A. 12-709. By definition, an existing or nonconforming use is a lawful use of land or buildings which existed prior to the enactment of a zoning ordinance and which is allowed to continue despite the fact it does not comply with the newly enacted use restrictions. See 1 Anderson, American Law of Zoning § 6.01 (2d ed. 1976); *City of Norton v. Hutson*, 142 Kan. 305, Syl. ¶ 1, 46 P.2d 630 (1935); K.S.A. 12-709.

While we have found no Kansas case which specifically addresses the authority of a city to assign an underlying zoning classification other than for cemetery use to an existing cemetery, at least two cases have tacitly recognized such authority. In *City of Wichita v. Schwertner*, 130 Kan. 397, 286 Pac. 266 (1930), the appellee, Schwertner, was the owner of an existing cemetery at the time it was zoned by the city as being in an "A" residence district which did not include cemetery use within its permitted categories. In a condemnation proceeding for widening of a street, the city contended damages should be limited to the property's value for residential use. Schwertner maintained the zoning ordinance was void as to the cemetery property and that damages should be based upon the property's use for cemetery purposes. Recognizing that a second trial could be in the offing,

the astute trial judge instructed the jury to find the amount of damages if used for cemetery purposes and the amount if used for residential purposes. The jury fixed the damages at $1,825.00 for cemetery use and $500.00 for residential use. The court then rendered judgment for the higher amount and the city appealed. This court refused to address the issue of whether the city had the power to establish zoning which did not include cemetery use and determined only that "the zoning ordinance did not prohibit the use of the property for that purpose" and that it was not error to allow the jury to fix damages based upon use of the property as a cemetery. 130 Kan at 401.

In *Connolly v. Frobenius*, 2 Kan. App. 2d 18, 574 P.2d 971, *rev. denied* 225 Kan. 843 (1978), the defendant Frobenius was the owner of a cemetery in Salina. He desired to construct a commercial mortuary on the cemetery property and, after replatting a portion of the property, obtained a change in zoning which would authorize the construction of a mortuary. The validity of the original zoning and the changed zoning was not addressed by the court in holding that the contracts between the individual cemetery plot owners and the cemetery owner precluded the establishment of a mortuary on the property.

In the instant case the learned trial judge, in a scholarly opinion, thoroughly considered the issues before the court. In his memorandum opinion, Judge Walton said:

"3. Plaintiff contends the City does not have the power to designate the use to which the property may be put. Plaintiff does not dispute that the City may have some zoning power over the property, though Plaintiff contends the City may not lawfully exercise, or alternatively, has not lawfully exercised, zoning power it may have over the property. While it may be true local ordinances addressing development on cemetery lands may be useful, the absence of such specific ordinances does not invalidate existing ordinances.  .  .  .

"4. Plaintiff contends that as a cemetery which pre-existed annexation, it is not a non-conforming use and that the City cannot classify the cemetery property with an underlying zoning category of R-1 (single family residential). This argument is premised on Kansas law which does not allow property dedicated for cemetery purposes to be used for non-cemetery purposes. Plaintiff further argues that it is not attempting to build a "40-story mausoleum" or other extreme structure and that this case must be limited to its own facts. The Court agrees that this case must be decided based upon its own facts; however, the Court cannot ignore the systematic approach of the City's zoning laws in the controlling zoning, land use, and development. Based upon this system of land use control, the property is given an underlying zoning designation to control development of the subject property and the surrounding property in conformity with the policies of the

City's master plan. Further, the cases cited by both parties reveal that the designation of underlying zoning for cemetery properties is neither unusual nor unlawful in other jurisdictions. See generally, 96 ALR 3d 921. Plaintiff argues the City does not have the power to designate the underlying use of the land as R-1, or any use other than as a cemetery, and therefore the present use and the proposed construction of a maintenance building on the property is within the scope of the lawful use of the property as a cemetery. Further, Plaintiff argues that the City may not exercise the zoning power it may have over this property by use of an ordinance authorizing issuance of a 'Special Use Permit.' This contention presumes that when a cemetery is annexed into the City a specific zoning category, or specific inclusion in an existing category, must be enacted; otherwise, the City cannot exercise any land use or development control over the property. The Court cannot accept this argument. The City is not attempting to prohibit the use of the land for proper cemetery purposes which may include maintenance and storage facility for equipment and operations related to lawful cemetery activities. Nor is the City attempting to allow the property to be used for purposes other than a cemetery by its use of zoning categories, land use, and development controls. Pursuant to K.S.A. 12-704 and 12-707, the City has obligated itself to implement planning. It may designate zoning categories for all land within the City limits. The underlying zoning category for the subject property is R-1 single family residential. This category does not interfere with any cemetery use, nor does it prohibit any lawful cemetery activity. This designation is used only to effectuate the zoning, planning, development, and land use controls adopted by the City. There is no showing that this zoning category precludes Plaintiff from building the structure desired. The City has a legitimate objective in using its zoning laws to control the land use upon and development of the site.

"5. Plaintiff's Petition and all Counts thereof are barred due to the Plaintiff's failure to exhaust its administrative remedies. As a general rule, the doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the Courts will act. 82 Am. Jur. 2d § 331. The doctrine of exhaustion of administrative remedies is generally deemed applicable in zoning cases. [See] *American National Bank & Trust Company v. City of Chicago*, 249 N.E.2d 148, 150, 110 Ill. App. 2d 47 (1969); *Lange v. Town of Woodway*, 79 Wash. 2d 45, 483 P.2d 116 (1971); *City of DeSoto v. Centurion Homes, Inc.*, 1 Kan. App. 2d 634, 573 P.2d 1081 (1977).

"6. The Court finds that as a matter of law, the Plaintiff has failed to pursue an adequate administrative remedy namely the Plaintiff's failure to apply to the City for the issuance of a Special Use Permit to allow the construction of the storage and maintenance building. Here the Plaintiff was advised that a building permit for their sizeable storage and maintenance building would not be issued unless they obtained a Special Use Permit. Plaintiffs refused to follow this avenue as stated in the ordinance and have thus failed to exhaust the administrative remedy available. Although the Plaintiff did go before the City's Board of Zoning Appeals, this was not the proper administrative remedy to pursue. Plaintiffs cannot avoid the exhaustion doctrine by picking and choosing what avenue to take. They must first pursue the proper and all other administrative remedies

available before asserting their claims before this Court. It is the purpose of this judicial doctrine requiring exhaustion of administrative remedies before seeking judicial relief to give local authorites opportunities to correct any error in zoning classification or to remedy any unreasonable hardships imposed thereby before the aggrieved party may enter into litigation. The Court specifically finds that had the Plaintiff applied for a Special Use Permit this procedure could have alleviated any harmful consequence of the ordinance and that said administrative remedy must be sought before the Plaintiff will be heard to say that he has been injuriously affected.

"7. The Court finds that city zoning laws are not pre-empted by state laws on cemeteries. The fact that the property in question was dedicated for use as a cemetery prior to its annexation by the Defendant and the Defendant's subsequent enactment of zoning ordinances, the application of which makes the Plaintiff's cemetery a non-conforming use, does not deprive the City of Overland Park of its power to restrict or regulate the continued use of the property for cemetery purposes. The state laws controlling cemeteries do not interfere with or prohibit the enactment and enforcement of zoning and land use laws for properties, including cemeteries. The general rule of Kansas is that state and local laws may co-exist provided that a city cannot remove restrictions or enact laws which are less restrictive where the state legislature has currently pre-empted that area of law. Generally, a city may always be at liberty to enact more restrictive laws, regulations, and controls. There is clearly no statute on the books in Kansas which has a legislative intent to prohibit local governments from placing zoning and land use controls over cemeteries and their surrounding property. The Kansas laws regulating cemeteries are generally designed to prohibit consumer fraud, to guarantee that cemetery plots are treated as real estate, to assure that cemeteries, because of their perpetual nature, will not become nuisances or eyesores, and to provide a clear chain of title and control for cemeteries and their upkeep. Municipal zoning laws are enacted for the protection of the health, safety and general welfare of the community. There is no persuasive authority, case precedent, statute or expression of legislative intent that the protection of the public health, safety and general welfare provided by municipal zoning regulations be abrogated where cemeteries are concerned. If the Plaintiff's argument was carried to its logical conclusion, municipal authorities would be without power to regulate building on cemetery property, leaving cemetery owners theoretically free to build whatever size, shape or type of building they deem necessary for the continued operation of the cemetery without regard to the effects its actions may have on the public in general and/or the surrounding property owners. The Court notes that Exhibit "K" attached to the stipulation of facts, clearly depicts the close proximity in which Plaintiff's building will be located in relation to land which is currently being developed for single family residential dwellings. This close proximity of residential lots points to the importance of the City's ability to regulate land use in the interests of protecting the health, safety and general welfare of its citizens. See *Holy Sepulchre Cemetery v. Town of Greece*, [191 Misc. 241,] 79 N.Y.S. 2d 683 (1947); *Leavenworth Club Owners Assn. v. Atchison*, 208 Kan. 318, 321, 492 P.2d 183 (1971); *Kansas City v. Henre*, 96 Kan. 794, 153 Pac. 548; *Thoman v. Farmers &*

*Bankers Life Ins. Co.*, 155 Kan. 806, 809, 130 P.2d 551 (1942), as cited in *Taylor v. Dept. of Health & Environment*, 230 Kan. 283, 284, 634 P.2d 1075 (1981)."

We concur with the trial court. State statutes controlling the establishment and maintenance of cemeteries do not preempt the field of cemetery control to the extent that a city may not adopt zoning ordinances affecting preexisting cemeteries.

In *State ex rel. Smith v. Miller*, 239 Kan. 187, 718 P.2d 1298 (1986), this court had occasion to again examine the rule that a person aggrieved by an administrative decision must exhaust all available administrative remedies before resorting to the courts for relief. We see no need to repeat here what has been so recently said in that opinion.

We hold that the City of Overland Park had the authority to classify for zoning purposes the Memorial Gardens property as R-1 (single family residential) and to require appellant to seek a special use permit for its proposed building construction. We also hold that as appellant did not exhaust its administrative remedies, the filing of this lawsuit was precluded. In view of the decision reached herein, the remaining issues need not be considered.

The judgment is affirmed.