No. 88-202

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

CONRAD MITCHELL,

Plaintiff and Appellant,

-vs-

TOWN OF WEST YELLOWSTONE,
a municipal corporation, by and
through its town council,

Defendant and Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas R. Anacker argued; Kirwan & Barrett, Bozeman,
Montana

For Respondent:

Lineberger & Harris; Peter S. Lineberger argued,
Bozeman, Montana

Submitted: October 12, 1988

Decided: December 8, 1988

Filed:

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Conrad Mitchell appeals from a summary judgment entered against him and in favor of the Town of West Yellowstone in the District Court, Eighteenth Judicial District, Gallatin County. Mitchell had filed a declaratory judgment action challenging the constitutionality of a town ordinance.

The issue on appeal is whether the District Court lacked subject matter jurisdiction of the declaratory judgment action because Mitchell had failed to exhaust his administrative remedies under the ordinance before filing suit. We determine that the District Court had subject matter jurisdiction in this cause and reverse.

The Town of West Yellowstone has adopted an ordinance applicable in the business district which provides that before building permits will be issued for new or expanded uses within the district, the applicant for a permit must provide specified off-street parking spaces. Cash-in-lieu payments may be made instead of providing off-street parking spaces. If the applicant for a permit seeks a variance from the off-street parking requirements, he may appear before a Board of Adjustment established under the ordinance. This Board has the power to vary the requirements when strict compliance with the ordinance would create unnecessary hardship or be unreasonable under the circumstances. A person aggrieved by the decision of the Board of Adjustment, or any taxpayer or interested person may, under the ordinance, present to a district court a petition that the decision is illegal, within 30 days after the filing of the decision in the office of the Board.

Mitchell, a general contractor, who had resided in West Yellowstone since 1971, is the owner of Lot 9, Block 1 of the original townsite of West Yellowstone. Prior to this case,

he had been engaged in one way or another with more than 25 contruction projects requiring building permits in the Town of West Yellowstone, and never, prior to this case, had any dispute with the process for obtaining building permits.

The off-street parking ordinance was adopted by the town council of West Yellowstone in 1982. Before that, Mitchell had architectural plans prepared for future construction on Lot 9, which Mitchell intended to be implemented over a period of time as money became available. He implemented his first phase of construction on Lot 9 before the ordinance took effect. After the effective date of the zoning ordinance, Mitchell had constructed other buildings on Lot 9, each time obtaining a building permit and going through the proper procedure prior to construction.

In May, 1986, Mitchell gave Don Buettner, the town building official, a copy of his architectural plans and discussed with Buettner his proposal to construct another commercial building on Lot 9. Mitchell did not fill out a building permit application, but he did make it known to Buettner that he intended to do the further construction.

Buettner took the plans to the West Yellowstone Planning and Zoning Board in 1986. He testified that the Planning and Zoning Board requested a "variance procedure" because of the parking "problem."

Mitchell did nothing further until January, 1987, when he again asked for a permit for the project, and Buettner told him that his request was "negative" because of the previous planning and zoning board "procedures."

Buettner treated the July, 1986, and January, 1987, verbal inquiries as requests for a building permit by Mitchell, and gave him a decision on March 22, 1987, by letter. The letter informed Mitchell that the judgment of the Planning and Zoning Board was to "come forth for review,

and obtain a variance." Mitchell was further informed by the letter that a total of nine parking spaces would be needed for the unfinished portion of his complex on Lot 9.

Mitchell did not take any further steps to procure a permit through the provisions of the ordinance. Instead, he filed a declaratory judgment action in the District Court, against West Yellowstone, challenging the validity of the ordinance on grounds that it was invalidly enacted under state law, and that it denied equal protection because it unreasonably discriminated against new development in favor of existing development by applying funds received as cash-in-lieu payments from new development to improve parking areas located within areas of existing development.

Eventually, the District Court granted the motion of West Yellowstone for a summary judgment saying:

> I am persuaded to require plaintiff to complete his application process through the zoning commission in West Yellowstone. I do this in view of the discretion vested in the commission to consider the particular piece of property involved and the public parking available. There is even a question as to whether plaintiff made a formal application for a building permit. Finally, the commission may set the cash-in-lieu figure low enough to make a full blown constitutional attack unwise. Plaintiff has too many administrative options open to him. This matter is dismissed for failure to exhaust administrative remedies.

On appeal, Mitchell argues that the zoning ordinance is unconstitutional on its face, that the right to challenge a town ordinance is accorded plaintiffs under the Uniform Declaratory Judgment Act, adopted by Montana, § 27-8-101, et seq., MCA; that administrative agencies do not have the power to determine the constitutionality of a zoning ordinance; that declaratory relief is independent of administrative remedies; and therefore a constitutional attack against the

validity of a town ordinance may be brought in District Court without first exhausting administrative remedies under the ordinance.

The Town of West Yellowstone responds that the District Court lacked subject matter jurisdiction because Mitchell failed to exhaust his administrative remedies; that Mitchell's primary objection to the ordinance is that he was not "grandfathered" thereunder; that the exhaustion of administrative remedies doctrine applies unless the administrative avenue is futile; and that in any event, the Town of West Yellowstone is immune from suit in this case pursuant to § 2-9-111, MCA.

Section 27-8-202, MCA, provides, among other things, that any person interested under a municipal ordinance may have determined, any question of construction of validity arising under the ordinance and obtain a declaration of rights, status or other legal relations thereunder. Section 27-8-201, MCA, provides that courts of record have power to declare rights, status and other legal relations whether or not further relief could be claimed. We agree that the power to decide the constitutionality of an ordinance in a declaratory judgment action is as was affirmed in Driscoll v. Austintown Associates (Ohio 1975), 328 N.E.2d 395, 399, where the Court said:

> The "general powers conferred in section 2721.02" to render declaratory judgments are contained in the first sentence of that statute: "Courts of record may declare rights, status and other legal relations whether or not further relief is or could be claimed." This general grant of power is certainly broad enough to encompass actions contesting the constitutionality of township zoning ordinances.

Moreover, in this case, Driscoll had standing to bring a declaratory judgment action because of his personal stake in

the outcome of the controvery before the District Court. Western Litho v. Board of City Commissioners, et al. (1977) 174 Mont. 245, 247, 570 P.2d 891, 892.

The District Court, therefore, had the power, and the plaintiff had the right to sue, to determine the constitutionality of the zoning ordinance in a declaratory judgment action, in ordinary circumstances. The question here is whether he must first exhaust his administrative remedies under the ordinance before seeking a declaratory judgment.

The District Court recognized, and the briefs on appeal show that there is a split of authority on this question among the states. West Yellowstone cites authority that zoning applicants must first exhaust their administrative remedies before seeking relief in the courts: Inc. v. City of Overland Park (Kan. 1986), 718 P.2d 1302; Hatch v. Utah County Planning Department (Utah 1984), 695 P.2d 550; Turner v. Lane County (Ore. 1982), 665 P.2d 370; Hansen v. Keim (Colo. 1982), 650 P.2d 1313; Johnson County Memorial Gardens, and Minor v. Cochise County (Ariz. 1980), 608 P.2d 309. West Yellowstone also relies heavily on English v. City of Carmel (Ind. 1978), 381 N.E.2d 540; and Ackerly Communications v. City of Seattle (Wash. 1979), 602 P.2d 1177. The District Court in its order seemed to rely on Anne Arundel County Commissioners v. Buch (Md. 1948), 58 A.2d 672.

Mitchell, on the other hand, sets store on Kingsley v. Miller (R.I. 1978), 388 A.2d 357; Texas State Board of Pharmacy v. Walgreen Texas Company (Tex. 1975), 520 S.W.2d 845; KMIEC v. Town of Spider Lake (Wis. 1973), 211 N.W.2d 471; and Clayton v. Bennett (Utah 1956), 298 P.2d 531. Mitchell cites especially State of Wyoming v. Kraus, et al. (Wy. 1985), 706 P.2d 1130, holding that declaratory relief was appropriate to challenge the validity of the agency

regulations but that it was not proper merely to obtain review of an administrative decision.

Admitting that the respective parties may draw comfort from the cases upon which they rely, we look to the decisions from this Court for guidelines.

In Bailey v. Department of Health and Environmental Sciences (1983), 204 Mont. 253, 664 P.2d 325, Bailey appealed a district court ruling denying his application for a writ of mandamus. Bailey had submitted plans for expansion of a trailer park in Missoula County in 1968, and claimed that the zoning officials had given him "blanket approval" to build according to his plans. On subsequent applications to the zoning authorities for permission to develop further trailer spaces, his applications were denied. He did not proceed further in the administrative proceedings. This Court upheld the denial of mandamus since he had not established a clear legal duty on the part of the zoning authorities to grant the permits. There is no issue in Bailey involving a constitutional attack against the zoning ordinance itself.

In Selon v. Board of Personnel Appeals (Mont. 1981), 634 P.2d 646, 38 St.Rep. 1676, we held that the District Court had no jurisdiction for judicial review under the Administrative Procedure Act of an order of the State Board of Personnel Appeals, where the appellant, the Department of Administration, had failed to exhaust its administrative remedies. In Selon, the jurisdictional issue did not involve a constitutional attack upon the administrative procedures.

In BGM Enterprises v. State Department of Social and Rehabilitation Services (1983), 673 P.2d 1205, 40 St.Rep. 1827, this Court dismissed an appeal for lack of jurisdiction because the appellant had not taken advantage of a hearing in the administrative proceedings which would have been provided if BGM had acted in time. No question of constitutional

validity of the statutes under which the Department was acting was involved in the BGM appeal.

The controlling case for this action is Jarussi v. Board of Trustees (1983), 204 Mont. 131, 135, 664 P.2d 316, 318. In that case, Jarussi appealed the dismissal by the school board of his employment as principal and teacher in St. Ignatius, Montana. His appeal was based on violations of Montana's open meeting law, § 2-3-203, MCA. The school board, after judgment against it in the District Court, raised on appeal the issue that Jarussi had not exhausted his administrative remedies before filing in the District Court. In holding that Jarussi was not required to exhaust administrative remedies, this Court said:

> Moreover, the exhaustion doctrine does not apply to constitutional issues. (Citing authority.) Here, Jarussi claims violation of his constitutional right to observe the deliberations of the School Board under the right to know provisions of the Montana Constitution, Art. II, § 9. Constitutional questions are properly decided by a judicial body, not an administrative official, under the constitutional principle of separation of powers. Art. III, Section 1, 1972 Mont. Const.

Mitchell's complaint in this case raises directly the constitutional question of equal protection under the provisions of the off-street parking ordinance adopted by West Yellowstone. The determination of that question is not within the power of the Board of Adjustment of West Yellowstone. When such a bona fide constitutional issue is raised, a plaintiff has a right to resort to the declaratory judgment act for a determination of his rights; and he may not be required to submit himself to the provisions of the ordinance which he claims are unconstitutional. This is so, even though, as the District Court implied, the monetary result to the plaintiff under the zoning ordinance may be

- 8 -

inconsequential.    The first business of courts is to provide a forum in which the constitutional rights of all citizens may be protected.

As to the claim of West Yellowstone that it is immune from suit under the Declaratory Judgment Act because of § 2-9-111, MCA, this issue was not disposed of by the District Court, and we do not therefore address it on appeal.

Accordingly, we reverse the summary judgment granted in the District Court and remand the cause for further proceedings.

_____
John C. Sheehy
Justice

We concur:

_____
R. A. Turnage
Chief Justice

_____
John Conway Harrison

_____

_____
R. C. McMonagle

_____
William E. Hunt

_____
L. C. Gulbrandson
Justices