NO.  91-218

IN THE SUPREME COURT **OF** THE STATE OF MONTANA

1992

FRANK BRISENDINE, L.D., d/b/a ROCKY
MOUNTAIN DENTURE CLINIC,

Plaintiff and Appellant,

-vs-

THE STATE OF MONTANA, DEPARTMENT OF
COMMERCE, BOARD OF DENTISTRY,

Defendant and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James  C.  Bartlett;  Hash,  O'Brien  &  Bartlett,
Kalispell, Montana

For Respondent:

Robert P. Verdon, Dept. of Commerce, Helena, Montana

Submitted on Briefs:  November 14, 1991

Decided:  May 21, 1992

FILED

MAY 21 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Frank Brisendine, a licensed denturist, appeals from an order of the First Judicial District Court, Lewis and Clark County, dismissing appellant's complaint for declaratory and injunctive relief. We affirm.

We rephrase the issues before the Court as follows:

1. Whether the District Court erred in dismissing appellant's complaint for declaratory judgment for lack of a justiciable controversy.

2. Whether the District Court erred in dismissing appellant's complaint for declaratory judgment because he failed to exhaust his administrative remedies.

Brisendine is a duly licensed denturist who practices in East Helena. Respondent Board of Dentistry of the Department of Commerce (hereinafter known as "Board") is responsible for regulating and licensing both the practice of dentistry and denturitry.

On September 14, 1990, appellant presented to the Board a proposal regarding his intent to enter into a business association with a dentist regarding fees and compensation. On September 20, 1990, the Board issued a letter stating that § 37-4-103, MCA, allows only a licensed dentist to operate and manage a dental office, and that if appellant went ahead with his proposal he would be illegally practicing dentistry in violation of § 37-4-103, MCA. The Board apprised appellant that it was still considering his

2

proposal and would let him know of its intended action in about two weeks. The Board warned appellant not to engage in his proposed business association prior to its decision. If appellant failed to heed its warning, the Board threatened to revoke or suspend his denturist license for practicing dentistry without a license in violation of § 37-4-103, MCA. The record does not contain any final decision from the Board.

On October 30, 1990, appellant filed a complaint in District Court seeking a declaratory judgment and injunctive relief. Specifically, appellant requested the court to decide whether he could enter into a business association with a dentist as allowed under § 37-29-103, MCA.

On December 6, 1990, the Board filed a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted. On February 25, 1991, the District Court granted the motion. The court held that at common law it was not in the interest of the public welfare for a denturist to own and operate a dental clinic. State v. Boren (Wash. 1950), 219 P.2d 566, Worlton v. Davis (Idaho 1952), 249 P.2d 810.

Appellant timely filed a motion to amend the District Court's order and findings. Appellant alleged that the complaint only stated that he had made known to the Board his intention to enter into a lawful agreement with a dentist pursuant to § 37-29-103, MCA, and not whether he intended to own, operate, and manage a dental clinic. On April 17, 1991, the District Court amended its

3

original order and held that the complaint did not present a justiciable controversy. The record does not reflect if the original order was withdrawn. Appellant appealed the decision to this Court.

I

The first issue we consider is whether the District Court erred in dismissing appellant's complaint for declaratory judgment for lack of a justiciable controversy.

The purpose of the Montana Declaratory Judgment Act is remedial and is meant "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." Section 27-8-102, MCA. Section 27-8-202, MCA, states in pertinent part:

> Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder.

There are two principles this Court has adopted regarding declaratory judgments. First, even though all of the necessary elements of jurisdiction exist, the district court is not required to exercise that jurisdiction. Empire Fire & Marine Insurance Co. v. Goodman (1966), 147 Mont. 396, 401, 412 P.2d 569, 571. Secondly, a motion to dismiss a declaratory judgment rests with the sound discretion of the district court. Emvire Fire, 412 P.2d at

4

571. We will not disturb a district court's decision that a declaratory judgment is not proper absent an abuse of discretion. Emvire Fire, 412 P.2d at 571.

The Board contends that two arguments should bar appellant from declaratory relief. Because appellant has not suffered from any actual harm to his license, no justiciable controversy exists. In addition, appellant has not exhausted all of his administrative remedies.

Previously, we have held that a justiciable controversy contains three elements:

> "First, a justiciable controversy requires that parties have existing and genuine, as distinguished from theoretical, rights or interest. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion. Third, [it] must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment **as** to constitute the legal equivalent of all of them.

Lee v. State (1981), 195 Mont. 1, 6, 635 P.2d 1282, 1284-85 (quoting Matter of Secret Grand Jury Inquiry (1976), 170 Mont. 354, 357, 553 P.2d 987, 990).

On September 14, appellant appeared before the Board in what apparently was an informal proceeding and presented his proposal. Nothing in the record reflects what appellant proposed to the

5

Board. The Board seemed to believe that there were problems with the proposal and sent the letter of September **20, 1990,** while it considered the proposal. Essentially, the letter was advisory in nature and was not intended to be construed as a final opinion from which an appeal to the District Court could be initiated.

We agree with the District Court that the complaint fails to describe what type of business association appellant intends to enter into with a dentist. All that the complaint mentions is that appellant intends to enter into a business association with a dentist and asks the District Court to determine whether or not that is allowed.

Appellant contends that if the District Court's decision is upheld, he must first violate the law, then face an administrative revocation hearing whereby his license could be suspended or revoked. Appellant overlooks the fact that he has another administrative remedy available. He could ask the Board for a declaratory judgment pursuant to § **2-4-501,** MCA. If the decision is adverse, he could then appeal it to the District Court pursuant to § **2-4-506(4),** MCA. By using this approach, appellant would not subject his license to revocation or suspension.

By using the Declaratory Judgment Act in District Court at this stage of the proceeding, appellant is attempting to seek an advisory opinion from the court regarding his rights under §§ **37-4-103** and **37-29-103,** MCA. This would constitute an unwarranted intrusion into the Board's regulatory authority granted

under Title **37,** Chapter **4,** and Title **37,** Chapter **29. As** we have stated in an earlier case:

> "The courts have no jurisdiction to determine matters purely speculative, enter anticipatory judgments, declare social status, deal with theoretical problems, give advisory opinions, answer moot questions, adjudicate academic matters, provide for contingencies which may hereafter arise, or give abstract opinions. (Citing cases.) 'The Uniform Declaratory Judgment Act does not license litigants to fish in judicial ponds for legal advice.'"

Montana Dept. of Natural Resources & Conservation v. Intake Water Co. **(1976)** 171 Mont. **416, 440, 558** P.2d **1110, 1123** (quoting Little v. Wachovia Bank & Trust Co., **252** N.C. **229, 113 S.E.2d 689). As** we have stated previously, no final decision has been issued from the Board. Appellant's legal rights and status have not been adversely affected. We hold that the District Court is correct that no justiciable controversy exists at this time in the proceedings.

## II

The second issue presented to this Court is whether the District Court erred in dismissing appellant's complaint for declaratory judgment because he failed to exhaust his administrative remedies.

We have held that "it is not the true purpose of the declaratory judgment to provide a substitute for other regular actions." In the Matter of Dewar **(1976), 169** Mont **437, 444, 548** P.2d **149, 154.** Generally, we have held that before a party can seek declaratory relief, he must exhaust all administrative remedies. Mitchell v. Town of West Yellowstone **(1988), 235** Mont.

7

104, 108, 765 P.2d 745, 747-48. However, the exhaustive doctrine does not apply when constitutional issues are raised. Mitchell, 765 P.2d at 748. Thus, when a party raises a bona fide constitutional claim, he has a right to resort to declaratory judgment, rather than submitting himself to an ordinance or rule he deems unconstitutional. Mitchell, 765 P.2d at 748. Our reasoning is based upon the lack of authority in administrative agencies to determine constitutional issues. Mitchell, 765 P.2d at 748. Such decisions rest within the exclusive jurisdiction of the courts. Mitchell, 765 P.2d at 748.

Appellant has not properly raised a constitutional issue in this matter. As we have stated above, the Board's letter does not constitute a final opinion and appellant can still seek a declaratory judgment from the Board without subjecting his license to suspension or revocation. We hold that appellant has not exhausted his administrative remedies and that the District Court did not abuse its discretion in dismissing appellant's complaint for declaratory judgment.

We affirm.


_____

Justice

8

We concur:

_____
**Chief Justice**

_____

_____

_____
Justices

9

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority.

The majority undermines the purpose of the Uniform Declaratory Judgments Act which is to eliminate uncertainty from the law in an expeditious and inexpensive fashion. As a result of the majority's decision, the uncertainty regarding Frank Brisendine's rights will be prolonged and he will be forced to incur unnecessary expense and delay by seeking a meaningless declaratory judgment from the Board of Dentistry which has already indicated its intention to deny him the opportunity to associate in a business relationship with a dentist.

Section **27-8-102,** MCA, provides that the purpose of declaratory judgments is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered."

Declaratory judgments were intended to eliminate the exact type of uncertainty that exists in this case. In this case, the plaintiff's legal relations are uncertain because of two statutes which are apparently in conflict regarding his right to form a business relationship with a dentist.

Section **37-4-101(2)** (b), MCA, provides that a person is "practicing dentistry" if he "is a manager, proprietor, operator, or conductor of a place where dental operations, oral surgery or dental services are performed . . . ." However, § **37-4-103** 4),

10

MCA, provides in relevant part that "[n]one of the regulations contained in this chapter apply to a person engaged in the lawful practice of denturitry."

Title 37, Chapter 29, contains the statutes which specifically regulate the field of denturitry. Section 37-29-103, MCA, further confuses plaintiff's rights by allowing denturists to form business associations with dentists. It states that "[a] licensed denturist may enter into any lawful agreement with a dentist regarding fees, compensation, and business association."

In this case, plaintiff proposed to the Board of Dentistry that he be allowed to enter into a business association with a dentist as authorized under the statute pertaining to denturitry, but was told that his activity would be prohibited under the statute which pertained to the practice of dentistry.

Brisendine has an apparent statutory right to enter into a business association with a dentist. However, he cannot exercise that right because of disciplinary action threatened by the Board for the unlicensed practice of dentistry. That disciplinary action could result in the revocation of Brisendine's license and subject him to criminal prosecution for practicing dentistry without a license under § 37-4-327, MCA (1989). The purpose of declaratory judgments is to avoid such undesirable consequences.

The majority concludes that Brisendine should have requested a declaratory judgment from the board and then appealed that decision if it was unfavorable. However, Rule 57, M.R.Civ.P.,

11

provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." It is true that § 2-4-506(1) and (3), MCA, grants authority to the Board of Dentistry to issue declaratory judgments. However, subsection (4) of the same statute appears to authorize filing of the petition for declaratory judgment directly in the district court.

In this case, the Board issued a letter stating that appellant was prohibited from entering into his proposed business association with a dentist, and threatened to revoke or suspend his license if he entered into such a relationship. The Board stated that a final decision would come in two weeks. However, no decision was forthcoming. Brisendine's legal rights and interests remain uncertain. Requiring him to seek a declaratory judgment from the Board, which apparently through its letter had already made a final decision, does not serve the efficient, orderly, or inexpensive administration of justice which should be this Court's primary concern.

Section 1-2-102, MCA, provides that "[w]hen a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it." For that reason, it is clear to me that Brisendine's rights are established by the statute found in the chapter regulating the profession of denturitry, and not in the chapter regulating the profession of dentistry. I would reverse

this case and remand it to the District Court with instructions to determine whether the Board of Dentistry's action violated § 37-29-103, MCA, which authorizes Brisendine to associate with a dentist for the purpose of fees, compensation, or other business association.

_____
                 Justice