JUSTICE RICE
specially concurring.
¶38 I concur with the Court’s holding herein, although not with the entirety of the rationale set forth in the discussion of Issue 2.
¶39 I agree with the Court’s conclusion that MHSA exerts a unique power derived through mutual agreement of the districts, which no individual school board possesses. I cannot draw from that conclusion, however, that the decision to exclude Grabow was made by “the other school districts” and did not implicate the Board of Trustees for Grabow’s own school. Although a single school district cannot make interscholastic decisions by itself, that district nonetheless remains responsible for its decision to subject its own students to the rules of the Association, and therefore, cannot escape the consequences of decisions made pursuant to those rules. As the District Court found, “[w]hen Park High School submitted its annual dues remittance to the MHSA, it adopted all of the rules and regulations of the MHSA as its own.” Therefore, I cannot agree with the rationale that all of the other school districts were implicated in the decision to exclude Grabow, but that the Livingston School District was excused from responsibility for *101 that decision.
¶40 Such a conclusion raises the question of whether the District extinguished Grabow’s right of appeal to the county and state superintendents by its delegation of rule enforcement to MHSA. Grabow contends that a decision to exclude him from athletic participation is appealable to the county and state superintendents pursuant to § 20-3-210, MCA (1997), but that this right was extinguished by his District’s participation in MHSA.
¶41 First, it should be remembered that Grabow did not seek such an appeal in this case and, therefore, he should not be heard to complain that such an appeal had been denied or extinguished. On appeal to this Court, he has simply asserted that because “MHSA is not referenced in any statute ... there is no appeals process,” and therefore, he was forced to file for relief directly in the District Court. However, he did not test the provisions of § 20-3-210, MCA, by requesting review of MHSA’s decision by the county superintendent. He did not assert the loss of an appeal in his complaint filed in District Court, and consequently, the issue was not addressed by the District Court in its findings of fact and conclusions of law entered on November 24,1999. It was not until March 30, 2001, following this Court’s remand after the first appeal, that Grabow asserted, in his argument for summary judgment, that his appeal rights to the county superintendent had been extinguished by his District’s delegation to MHSA.
¶42 Further, given the nature of Grabow’s claims, the District Court was the only appropriate forum in which to proceed. Grabow had asked MHSA to consider his constitutional right to participate based upon Kaptein v. Conrad School District (1997), 281 Mont. 152, 931 P.2d 1311, and when MHSA declined to do so, he filed a complaint in the District Court, the gravamen of which was constitutional relief. The courts are the only forum in which Grabow could pursue adjudication of the constitutional issue he was raising. The constitutional issues could not have been properly resolved by the school board or by the county superintendent of schools. As we held in Brisendine v. State, Dept. of Commerce (1992), 253 Mont. 361, 366, 833 P.2d 1019, 1021-22:
Generally, we have held that before a party can seek declaratory relief, he must exhaust all administrative remedies. Mitchell v. Town of West Yellowstone (1988), 235 Mont. 104, 108, 765 P.2d 745, 747-48. However, the exhaustive doctrine does not apply when constitutional issues are raised. Mitchell, 765 P.2d at 748. Thus, when a party raises a bona fide constitutional claim, he has a right to resort to declaratory judgment, rather than submitting *102 himself to an ordinance or rule he deems unconstitutional. Mitchell, 765 P.2d at 748. Our reasoning is based upon the lack of authority in administrative agencies to determine constitutional issues. Mitchell, 765 P.2d at 748. Such decisions rest within the exclusive jurisdiction of the courts. Mitchell, 765 P.2d at 748.
¶43 For the reasons set forth herein, I concur in the Court’s decision that Grabow’s appeal rights were not denied and that the district’s membership in MHSA was not an unlawful delegation of a governmental power.