JUSTICE McKINNON,
concurring.
¶18 I concur with the Court’s decision to affirm the dismissal of Murray’s declaratory relief action based upon the provisions of § 27-8-206, MCA, and this Court’s precedent. See Miller v. State Farm Mut. Auto. Ins. Co., 2007 MT 85, ¶ 7, 337 Mont. 67, 155 P.3d 1278; *167 Northfield Ins. Co. v. Mont. Ass’n of Cntys, 2000 MT 256, ¶ 8,301 Mont. 472, 10 P.3d 813; Brisendine v. Dep’t of Commerce, 253 Mont. 361, 364, 833 P.2d 1019, 1020 (1992). Proceeding with a declaratory judgment action in the Eighteenth Judicial District Court would not bind the First Judicial District Court, and there would continue to remain uncertainty and controversy as to the proper county in which to file notice of the commissioner's sufficiency findings.
¶19 Although parties have attempted to raise the issue many times, the proper county in which to file notice pursuant to § 13-37-124, MCA, has yet to be determined by this Court. At each turn, a different statutory roadblock is raised — the venue statute, rules pertaining to intervention, or provisions allowing district courts discretion to refuse to render judgment pursuant to the declaratory judgment statute. Normally, it would not be so difficult to bring a matter before this Court, especially given the singularity of the issue presented and the familiarity of the litigants with that issue. I suspect the difficulty may be attributable, in part, to the uniqueness of the statute we will perhaps be allowed to interpret, some day, for the benefit of all.
¶20 Suffice it to say, while Murray has the right to a judicial determination of the proper county for filing notice by the commissioner, he does not have the ability, under this particular statute, to insist on which court makes that determination. This is true because the commissioner, as the initiator of the enforcement proceeding, chooses the county in which to file — subject to challenges which may be raised by the candidate in that court.
¶21 It is evident that this will be the only manner in which the issue will be decided by this Court.