No. 88-244

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

BILLY M. FROMAN and BERTIE FROMAN,
husband and wife,

        Petitioners and Appellants,

    -vs-

DEPARTMENT OF REVENUE OF THE STATE OF
MONTANA,

        Respondent and Respondent.

---

APPEAL FROM:  District Court of the Ninth Judicial District,
                In and for the County of Glacier,
                The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Marc G. Buyske; Anderson, Beatty & Buyske, Shelby,
        Montana

    For Respondent:

        David W. Woodgerd, Legal Counsel, Dept. of Revenue,
        Helena, Montana

---

Submitted on Briefs:  Sept. 15, 1988

Decided: November 29, 1988

FILED
'88 NOV 29 AM 10 13
CLERK
MONTANA SUPREME COURT

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Billy M. and Bertie Froman (hereinafter referred to as the taxpayers) appealed the decision by the State Tax Appeal Board (hereinafter referred to as STAB) that the taxpayers failed to file the required election form with the Department of Revenue (DOR) for Production Systems, Inc. (PSI) to be treated as a small business corporation. The District Court, Ninth Judicial District, Glacier County upheld the decision by STAB. The taxpayers appealed the decision of the District Court to this Court. We affirm.

The issue is whether the District Court erred in upholding the decision of STAB.

This case involves three separate corporations. The first corporation was Orbit Explosives, Inc. (hereinafter OEI), incorporated in the state of Montana on November 17, 1977. OEI validly elected to be treated as a "small business" corporation or S corporation. The second corporation was Orbit Penetration, Inc. (hereinafter OPI), incorporated in the state of Delaware on January 17, 1978, which conducted its business outside the state of Montana. OPI made a valid election to be treated for federal tax purposes under Subchapter S of the Internal Revenue Code of 1954, as amended. OPI did not file a specific election under § 15-31-202, MCA, to be treated as an S corporation for state tax purposes.

The third corporation, PSI was incorporated in the state of Montana on September 7, 1978. Following the incorporation of PSI, it assumed the business activities of OEI and the accounting records of OEI were continued in the name of PSI. No formal articles of merger or consolidation were ever filed

on behalf of OEI or PSI. Neither OPI or OEI were formally liquidated; they were involuntarily dissolved.

On January 29, 1978, the Department of Revenue received an "Employer's Quarterly Withholding Tax Report" from OEI bearing the message: "Due to organizational changes, Orbit Explosives is no longer paying any payroll and will not be in existence." PSI's accountant testified that he sent to the DOR on October 31, 1978, a copy of the federal tax election for PSI to be treated as an S corporation. However, DOR denies having received this election and DOR regularly acknowledges such elections. STAB found that there was not a properly filed election and also that the testimony of PSI's accountant was not credible.

In 1982, DOR assessed PSI for delinquent corporation license taxes as a non-S corporation or C corporation. PSI paid these taxes and never claimed it was exempt from such tax. In January, 1983, the accountant sent the proper form for state S corporation election but stated the effective date as October, 1978.

I.

Did the District Court err by upholding the decision of the STAB?

Tax law is primarily statutory. Therefore to qualify as an S corporation, PSI had to meet the qualifications set out in the statute. Section 15-31-210, MCA, provides:

> Definitions. (1) For the purpose of this part, the term "small business corporation" means a corporation doing business in Montana and which does not have:
>
> (a) more than 10 shareholders;
>
> (b) as a shareholder a person (other than an estate and other than a trust described in 15-31-207) who is not an individual;

(c)   a   nonresident   alien   as   a   shareholder;   and

(d)   more than one class of stock.

(2)   For purposes of this part, the term "electing small business corporation" means, with respect to any   taxable   year,   a   small   business   corporation which   has   made   an   election   under   this   part   in effect for such taxable year.

One of the advantages of making such an election is that the corporation for state income tax purposes is essentially treated as a partnership and corporate losses are deducted pro-rata from the shareholder's income, thereby reducing the individual   shareholder's   income   tax   liability.   Another result is that if the corporation has profits in a particular tax year, the individual shareholders are liable for personal income taxes due and owing on their pro-rata shares of the profits.   Hence, the requirement that the election be made before the start of the tax year.

Section 15-31-202, MCA, requires that the election be made in accordance with the rules prescribed by the DOR.   The pertinent   administrative   rules   are   found   in   § 42.24.101 through -.123 ARM.   Section 42.24.103, ARM provides:

PROCEDURE TO MAKE ELECTION.   (1)   The election must be   made   by   the   corporation   filing   form   CT-3, containing the information required by such form, including   a   statement   of   consent   of   each shareholder   of   the   corporation,   in   the   manner provided in ARM 42.24.105.   The election shall be signed   by   one   of   the   following:   the   president, vice president, or other principal officer or the treasurer, assistant treasurer, or chief accounting officer.   The   form   shall   be   filed   with   the department.

Section 42.24.104 ARM provides:

TIME OF MAKING ELECTION.   (1)   The election shall be filed either:

- 4 -

(a) during the first calendar month of such taxable year; or

(b) during the calendar month preceding such first month.

(2) In the case of a new corporation which has a year beginning after the first day of a particular month, the term "month" means the period commencing with the first day of the taxable year and ending on the day preceding the numerically corresponding day of the succeeding calendar month.

(3) Should a corporation fail to physically tender to the department its election in the manner and within the time specified by 15-31-202(3), MCA, the department shall nevertheless consider such election to have, constructively been properly and timely made:

(a) if the election was made within the taxable year for which the election is desired to take effect; and

(b) if the corporation can substantiate its intent to file the election for the year in which the election is desired to take effect.

(4) an election shall not be deemed made within the contemplation of subsection (3), above, and 15-31-202(3), MCA, unless:

(a) the corporation has an acknowledgement from the department that the election was received; or

(b) the corporation has proof by return receipt, that the election was sent to the department by certified mail.

(5) Any election sought to be effective by a corporation in any manner other than is herein provided or by the provisions of 15-31-202(3), MCA, shall not be recognized.

The rules above clearly set out the procedure which is required for a corporation to be considered a "small business" corporation. PSI did not follow the required

procedure. Based on the findings made by STAB, PSI failed to elect to be treated as an S corporation for state income tax purposes as a matter of law. On judicial review of state agency action, this Court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. We may not reverse the agency unless its findings are "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." Section 2-4-704(2)(e), MCA.

Accordingly, we uphold the findings made by STAB in this case, and thereupon affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices