ORIGINAL


**FILED**

06/03/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0300

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0300

FILED

JUN 0 2 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

MONTANA TRIAL LAWYERS ASSOCIATION,

Petitioner.

O R D E R

The Montana Trial Lawyers Association (MTLA) filed on May 28, 2020, a "Petition Regarding Tolling of Statutes of Limitation." As a result of the novel coronavirus pandemic, MTLA petitions the Court, pursuant to Montana Rule of Appellate Procedure 14(4), to issue a declaratory order directing that all statutes of limitation are tolled during the declared state of emergency and until sixty days after the state of emergency is lifted. Urging that the pandemic is "precisely the unique, urgent event requiring emergency declarations from this Court," MTLA requests "that this Court declare that Montana courts will remain open despite the pandemic. MTLA requests that this Court toll any statutes of limitation which may otherwise expire as a result of the pandemic." Specifically, it requests an order "tolling and extending all statutes of limitation that would have otherwise run beginning March 12, 2020 until 60-days [sic] after the state of emergency is lifted." There is no Respondent identified in the MTLA petition and no certificate of service. The Court therefore considers the petition without response.

The Montana Constitution gives this Court "general supervisory control over all other courts." Mont. Const. art. VII, sec. 2 (2). In accordance with that authority, our Rules of Appellate Procedure provide the opportunity for original proceedings in very limited circumstances. One such circumstance is an original proceeding in the form of a declaratory judgment action "when urgency or emergency factors exist making litigation in the trial

courts and the normal appeal process inadequate and when the case involves purely legal questions of statutory or constitutional interpretation which are of state-wide importance." Mont. R. App. P. 14(4). MTLA invokes this provision, pointing to action a number of states have taken to toll statutes of limitation as a result of the pandemic. MTLA argues that a uniform order is appropriate because addressing this issue piecemeal will likely result in varying and inconsistent decisions, which further burden an already overly-burdened judicial system with avoidable litigation. And granting its request will offer certainty to attorneys and parties with respect to important legal rights impacted by the pandemic. MTLA cites § 27-2-406, MCA, which provides, "When the commencement of an action is stayed by injunction or *other order of the court or judge* or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." (Emphasis added.)

This Court has taken several actions in response to the pandemic's impacts, beginning with Chief Justice Mike McGrath's March 13, 2020 memorandum to all Montana courts before any COVID-19 cases were confirmed in Montana. Declaring that "[c]ourts are essential services and must remain open," the memorandum recognized the need to take common sense procedures to maintain public safety. Since then, the Chief Justice has issued five additional memoranda, letters, and orders containing guidance and directives to enable the courts to maintain their constitutional function while minimizing risk to court staff, counsel, litigants, and members of the public. Montana courts have remained open throughout the emergency – in part so litigants facing statutory deadlines are able to make their filings and cases can proceed to the greatest extent possible.

"Courts do not function, even under the Declaratory Judgments Act, to determine speculative matters, to enter anticipatory judgments, to declare social status, to give advisory opinions or to give abstract opinions." *Donaldson v. State*, 2012 MT 288, ¶ 9, 367 Mont. 228, 292 P.3d 364. "We have held that 'it is not the true purpose of the declaratory judgment to provide a substitute for other regular actions.'" *Brisendine v. Dep't of Commerce*, 253 Mont. 361, 365, 833 P.2d 1019, 1021 (1992).

2

*See also Montana Dep't. of Natural Resources & Conservation v. Intake Water Co.,* 171 Mont. 416, 440, 558 P.2d 1110, 1123 (1976).

We conclude that MTLA's petition does not warrant the Court's intervention at this time through an extraordinary original proceeding. It neither presents purely legal issues nor establishes that litigation in the trial courts and the normal appeal process will be inadequate to address any circumstances that could warrant tolling of a statute of limitations in a given case. Parties have the opportunity to raise tolling or other applicable arguments as warranted by circumstances in their own litigation, and this Court may review any order regarding those arguments in the normal course of an appeal.

IT IS THEREFORE ORDERED that MTLA's Petition Regarding Tolling of Statutes of Limitation is DENIED without prejudice to the right of any party to raise specific arguments or claims in the party's own litigation.

Dated this 2ⁿᵈ day of June, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3